# PEOPLE v. CRICUOLI.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

1. WEAPONS (§ 8*)—CARRYING CONCEALED WEAPONS—"KNIFE"—"DANGEROUS KNIFE"—"RAZOR."

Under a law forbidding the carrying of concealed weapons with intent to use the same unlawfully against the person of another, and specifying only a "dagger, dirk or dangerous knife," the term "knife" is a generic term, and the qualifying word "dangerous" does not mean a knife which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

could be put or perverted to a use dangerous to one attacked, but a knife primarily designed as a weapon, and a razor with nicked or serrated edge, not shown to have been prepared for use as a weapon, is not a weapon the carrying of which was prohibited by the act; the subsequent specification of "razor," in addition to the term "dangerous knife," indicating that it was not the legislative intent that the expression "dangerous knife" should include a razor.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. § 7; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 8, pp. 7422, 7423.]

2. STATUTES (§ 220*)—CONSTRUCTION—EARLIER COGNATE ACT.
Where the Legislature by a later act attaches a certain meaning to an earlier cognate one, this should be taken as a legislative declaration of the meaning of the earlier act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 298; Dec. Dig. § 220.*]

3. WEAPONS (§ 17*)—PROSECUTIONS—INSTRUCTIONS.
In a prosecution for carrying concealed weapons, under a statute prohibiting the carrying of "a dagger, dirk or a dangerous knife" with intent to use the same unlawfully against another, an instruction that the jury must determine whether a razor with a nicked or serrated edge was "a dangerous knife or a razor, or a dangerous deadly instrument or weapon," was erroneous, since it only required for a conviction that the weapon be found to be a razor, without a finding that it was a dangerous weapon or knife.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 20, 22–33; Dec. Dig. § 17.*]

4. CRIMINAL LAW (§ 1189*)—DEPOSITION—ORDERING NEW TRIAL.
Where errors of instruction in a criminal case were not cured, the court, on reversal of judgment, may order a new trial pursuant to Code Cr. Proc. § 527, authorizing the appellate court to order a new trial, where satisfied that the verdict was against law, or that justice requires a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3225–3227; Dec. Dig. § 1189.*]

Appeal from Kings County Court.

Francesco Cricuoli was convicted of carrying concealed weapons, and he appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

Isadore Kallet, of New York City, for appellant.
Harry G. Anderson, Asst. Dist. Atty., of New York City (James C. Cropsey, Dist. Atty., of Brooklyn, and Edward A. Freshman, Asst. Dist. Atty., of New York City, on the brief), for the People.

JENKS, P. J. On December 2, 1910, the defendant was indicted for the crime of carrying concealed weapons, committed on November 21, 1910. The first count charges that he knowingly and secretly concealed upon his person a certain instrument and weapon of the kind known as a dangerous knife, with intent to use the same against some person or persons unknown. The second count is for the crime of possession of a concealed weapon, in that he willfully and furtively possessed a certain instrument and weapon of the kind known as a

dangerous knife, with the intent then and there feloniously to use the same against some person or persons unknown. He was tried on December 9, 1912, convicted and sentenced, and now appeals.

[1] The alleged weapon is a razor, with a nicked or serrated edge. The court charged the jury that the—

"law is * * * that a person who * * * with intent to use the same, unlawfully against another, carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, or any other instrument or deadly weapon, is guilty of a felony."

Of course, the jury had the right to assume that such was the law applicable to the case. But the law as it read at the time of the alleged commission of the offense did not specify a razor, but only "a dagger, dirk or dangerous knife." The words "razor, stiletto, or any other instrument or deadly weapon" were added by subsequent amendment. It seems to me that the error is capital.

[2] It is true that a razor is defined generally as knife (see Stormonths', Webster's, the Standard, and the Century Dictionaries). But "knife" is the generic term. In the earlier statute the Legislature did not employ the term "knife," but the term "dangerous knife," and associated that term with dagger and dirk. A razor is further defined as a knife used for shaving, and so ordinarily its use is not akin to that of a dagger or a dirk. I think that the qualification "dangerous" does not mean a knife which could be put, or rather perverted, to a use dangerous to one attacked, but to that kind of knife which, like a dirk or dagger, is primarily designed as a weapon. And the subsequent specification of "razor," in addition to the term "dangerous knife," is indication that there was not the legislative intent that the expression "dangerous knife" should include a razor. Endlich on Interpretation of Statutes says (section 366):

"Earlier Cognate Acts.—Where it is gathered from a later act that the Legislature attached a certain meaning to an earlier cognate one, this would be taken as a legislative declaration of its meaning there."

[3] The court, after an instruction as to the intent, further charged as follows:

"Aside from determining that, you must determine, of course, whether it is a dangerous knife or a razor, or a dangerous deadly instrument or weapon."

Under this instruction the jury might determine that the instrument found on the defendant was a dangerous knife, or a razor, or a dangerous deadly instrument or weapon, and thus find an element of guilt. And it cannot be assumed that the jury determined that this instrument, though once a razor, was a dangerous weapon or a dangerous knife, because under the instruction of the court such determination was not necessary for a conviction—it was sufficient that the instrument was a razor.

Aside from the physical appearance of the instrument itself, there is no evidence that it had been diverted from its normal use and prepared for use as a weapon, and there is no proof of the practice of transforming razors into weapons. There was nothing in the surrounding circumstances that indicated that this instrument was de-

:signed or carried or possessed as a weapon. It was taken from the coat pocket of the defendant at a time when he had been found seated in a cake and coffee house in company with a friend or friends. His sole overt acts, as described by the detectives who made the arrest, were loud talking and a waving of his hands prior to his apprehension.

[4] I cannot find that the errors of instruction were cured, and for that reason I advise a reversal of the judgment, and an order for a new trial, pursuant to the provisions of section 527 of the Code of Criminal Procedure. All concur.