AMERICAN LAUNDRY MACHINERY COMPANY, Plaintiff, *v.* UNION TRUST COMPANY OF ROCHESTER and Another, Defendants.

Supreme Court, Monroe County, July 26, 1934.

[black redaction block]

*Isaac Adler*, for the plaintiff.

*Harris, Beach, Folger, Bacon & Keating*, for the defendant Union Trust Company of Rochester.

*Edward L. Cleary* [*Clarence E. Hamilton* of counsel], for the defendant Crane Company.

·*George F. Hixson*, for the defendant Frank W. Murtagh.

CUNNINGHAM, J.   The county of Monroe had under construction a public building and the contract to install the plumbing therein was let to Frank W. Murtagh.   On December 5, 1932, Murtagh received from the county a check for $2,665.36, which he deposited in the defendant bank.   The defendant credited the sum so deposited upon notes made by Murtagh and held by the defendant bank.

The plaintiff furnished equipment to Murtagh for this building and has not been paid therefor.   The plaintiff and other lienors claim that the moneys received by Murtagh from the county and deposited with the defendant bank are impressed with a trust and must be used to pay laborers and materialmen.

At the time the contract was made between Murtagh and the county of Monroe the Lien Law contained the following provision:

" § 36-a.   Contractor who diverts funds guilty of larceny.   The funds received by a contractor from an owner for the improvement of real property are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of  *  *  *  laborers and materialmen arising out of the improvement."

It is made a crime for the contractor to divert such funds to other purposes.

This section of the Lien Law became effective on October 1, 1930.

In 1932 a new section was added to the Lien Law containing similar provisions as to funds received by a contractor for a public improvement.   (§ 25-a.)   This act took effect on July 1, 1932, after the time of the execution of the contract between Murtagh and the county of Monroe.

The plaintiff contends that both sections apply to the funds received by Murtagh from the county of Monroe and deposited with the defendant.

It does not seem probable that both sections relate to public improvements. A distinction is made in the Lien Law between an "improvement of real property" and a "public improvement," as a separate definition is given for each. (Lien Law, § 2.) This distinction is contained throughout the law. Thus there is a mechanic's lien upon real property (Lien Law, § 3) and also a lien under a contract for a public improvement which attaches not to real property but only to funds. (Lien Law, § 5.) There are different provisions for the contents of a notice of lien, one for an improvement of real property and one for a public improvement. (Lien Law, §§ 9, 12.)

The rule by which the priority of liens for the improvement of real property is determined is contained in one section (Lien Law, § 13) and that of liens for a public improvement in another (Lien Law, § 25).

It will be noticed in the Lien Law that when the phrase "improvement of real property" is used, it refers to a private improvement and not to a public improvement.

It is clear that the Lien Law differentiates between an improvement of real property and a public improvement.

The Legislature in 1932 considered it necessary to add to the Lien Law a new section declaring that moneys received by a contractor for a public improvement should be held by him in trust. (Lien Law, § 25-a, added by Laws of 1932, chap. 627.)

The passage of the amendatory act was a legislative declaration that the previous section (36-a) did not apply to public improvements. (*Matter of Miller*, 110 N. Y. 216.)

The court said in that case: "Moreover, the fact that such provision was made by the statute of 1887 (Chap. 713), and the act of 1885 amended accordingly, must be regarded as a legislative declaration that the law did not, as originally passed, embrace the provisions which the later act supplies."

Legislative construction of a statute is given great weight by the courts in the interpretation of such statute. (*Matter of Harbeck*, 161 N. Y. 211, 217; *People ex rel. Cotte* v. *Gilbert*, 226 id. 103, 107; *People* v. *Cricuoli*, 157 App. Div. 201, 203.)

As this section is a criminal enactment, it should be construed so as not to make acts crimes "unless there is a clear and positive expression of the legislative intent to make them criminal." (*People* v. *Shakun*, 251 N. Y. 107, 113.)

It is evident that the reference in section 36-a to funds received for " the improvement of real property " was not intended to include moneys received by a contractor for a public improvement and that the provisions of such section do not affect the deposit made by Murtagh in the defendant bank.

It now becomes necessary to consider whether the amendment of 1932 applies to a payment made after it became effective under a contract executed prior to the date of the passage of such amendment.

Statutes presumptively are directed to the future. (*Standard C. & M. Corp.* v. *Waugh C. Corp.*, 231 N. Y. 51, 58.)

When the contract was made Murtagh had the right, as the funds were paid to him to devote them to any purpose he desired. That right was taken away from him by the amendment of 1932, and it was made a crime for him to divert the funds from the purposes therein stated. The act of 1932 shows by its terms that it was intended to be prospective only and not retroactive, because it is therein stated: " Any act done or right accrued or acquired * * * prior to the date when this act takes effect, may be asserted, enforced * * * in the same manner and to the same extent as though this act had not been passed."

The making of the contract was an " act done " and the right of Murtagh to use the money as he pleased was acquired prior to the time the act became effective.

I, therefore, hold that section 25-a of the Lien Law, added thereto in 1932, does not apply to the funds in question here.

The bank had the right to apply the moneys deposited by Murtagh upon the notes owing by him.

The complaint is dismissed, with costs.