GLOBE PLASTER COMPANY OF BUFFALO, Plaintiff, *v.* SEABOARD SURETY COMPANY and Another, Defendants.*

Supreme Court, Erie County, November 7, 1934.

---

* See, also, *American Laundry Machinery Co.* v. *Union Trust Co.* (153 Misc. 55.)

*Edwin J. Cullican* for the plaintiff.

*James O. Moore* for the defendant Seaboard Surety Company.

*George L. Grobe, Corporation Counsel* [*Bart J. Shanahan* of counsel], for the defendant City of Buffalo.

HINKLEY, J.   This is an action upon an undertaking giving therein to subcontractors and materialmen a right of action to recover in the event of a default by the general contractor in the payment of moneys due from such general contractor for labor performed or materials furnished.

The main question involves the exact meaning of the words " contracts for the improvement of real property " as contained in section 11 of chapter 627 of the Laws of 1932, amending the Lien Law.   In the event that that phrase is interpreted to include a *public* improvement, in this instance street paving, then section 25-a of the Lien Law, which provides that certain funds are trust funds, is not a defense to this action.   For the former section declares that the latter section is not retroactive.   In other words, if section 25-a of the Lien Law has no retroactive effect on an antedated contract for a *public improvement*, then plaintiff herein is entitled to recover upon the undertaking given by defendant surety company for the default of the general contractor in its payments to plaintiff.

The defendant city of Buffalo contracted June 16, 1930, with a general contractor, the Erie Contracting Company, for the paving of a portion of Forest avenue, one of the city streets.   On the same day the general contractor, as principal, and the defendant Seaboard Surety Company, as surety, undertook by a sealed instrument in writing to save the defendant city of Buffalo harmless by reason of any default of the general contractor.   The bond also gave to persons or corporations furnishing materials or rendering services in and about the execution of the contract a right of action to recover in the event of a default by the general contractor in pay-

ment for such materials or services. The general contractor became bankrupt and the plaintiff claims that the general contractor failed to pay for certain materials furnished by the plaintiff and used in the paving of a portion of Forest avenue, the street in question. The defendant surety company maintains that certain payments by the general contractor to plaintiff were made from moneys received by the general contractor on the Forest avenue job which should have been specifically applied by plaintiff upon the debt incurred by the general contractor for materials used in that particular job. The defendant surety company contends that the latter payment by the general contractor to plaintiff constituted, by virtue of section 25-a of the Lien Law, a trust fund enuring indirectly to the benefit of the surety company. Section 11 of chapter 627 of the Laws of 1932 provides that the Lien Law, as amended, including section 25-a, is not retroactive as to contracts for " the improvement of real property." If those words in section 11, " improvement of real property," cover public improvements, then the provisions of section 25-a are not applicable to the contract between the Erie Contracting Company and the city of Buffalo which was executed prior to the passage of that section.

The distinction between the words " improvement of real property " and " public improvement," as used in the Lien Law, was originally very clear. Some sections of the Lien Law apply to private property alone and others to improvement of public property. The courts have at times emphasized the same distinction. (*Shultz* v. *Quereau Co.*, 210 N. Y. 257, 259; *Lawrence* v. *Dawson*, 50 App. Div. 571, 574; *Upson* v. *United Engineering & Contracting Co.*, 72 Misc. 541, 546 [POUND, J.]; *Lanna* v. *Gates, Inc.*, 142 Misc. 171, 176.)

The courts, however, have read into the statute an intention of the Legislature to almost entirely eliminate the distinction. The distinction now exists only when the statute clearly defines the same and in certain other instances. " The fact that the regulations as to both classes of liens [private property and public improvements] are prescribed by the same article of the same statute indicates a clear intention on the part of the legislature to assimilate the law as to the two classes so far as was practicable. The Lien Law is divided into several articles dealing with different subjects. 1. Mechanics' liens. 2. Liens on vessels. 3. Liens on monuments, etc. If a lien for labor or materials furnished in the prosecution of public works is to be deemed an entirely distinct matter from that in the case of private real property, it is difficult to understand why it was not made the subject of a distinct article. We think the fair rule of construction is that the various provisions of the

article should be held to relate to all mechanics' liens except where the language of the section evidences a different intent or where from the nature of the subject regulations as to one class are inapplicable to the other. Every reason that dictates the requirement that public notice of orders or assignments should be given to those who may deal with the contractor on the faith of his contract applies with the same force to public contracts as to those with private persons." (*Brace* v. *City of Gloversville*, 167 N. Y. 452, 455.)

" It was clearly the intention of the legislature in enacting the present General Lien Law to assimilate and harmonize as far as possible the entire law embraced in the subject into a complete and harmonious statute, the various provisions of which should be held to relate to all mechanics' liens affecting *all real property whether public*, semi-public or private, unless the language of the act evidences a different intent, or where from the nature of the subject the regulations as to one class are inapplicable to another." (*Schaghticoke Powder Co.* v. *G. & J. Ry. Co.*, 183 N. Y. 306, 315.) (*Standard Sand & Gravel Co.* v. *City of New York*, 172 App. Div. 80, 82.)

Applying these tests we do not find that section 11 of chapter 627 of the Laws of 1932 excludes any intent contrary to the logical interpretation that the words " improvement of real property " shall include " public improvements." There is nothing in the nature of non-retroaction as to make it applicable to one class and not the other. Every reason which prompted the Legislature to make chapter 627 of the Laws of 1932 applicable only to future contracts applies with equal force to both classes.

The case of *Matter of Teicher, Inc.*, v. *Gold* (239 App. Div. 285), which involved work on the corridor of the Tombs Prison at No. 101 Centre street, Manhattan, New York city (concededly a public improvement), is authority for this decision although the precise question here raised may not have been presented to the court at the time of its decision.

The decision herein is placed squarely upon a finding that section 11 of chapter 627 of the Laws of 1932 applies to the within case of a public improvement. Other questions as to the source of the fund embodied in the check for $2,956.20, dated July 18, 1933, and given to plaintiff by the general contractor, or as to the knowledge of plaintiff as to its exact source, need not be determined in the light of this decision.

Judgment may be entered, with costs in favor of the plaintiff for the relief asked for in its complaint.