THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM MARRA, Appellant.— Appeal from a judgment of the Court of Special Sessions, City of New York, Borough of Richmond [County of Richmond], convicting defendant of a violation of section 974 of the Penal Law (policy). Judgment unanimously affirmed. The evidence warranted the view that the defendant was not a mere player, but was a collector. In any event the statutes make no distinction between a player and a dealer in connection with the possession of policy slips. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD ZIMMERMAN (Alias MARTIN VIGNOLD and EDWARD HITTMEIER), Appellant.— Judgment of the County Court of Queens County convicting the defendant of the crimes of assault in the first degree and assault in the second degree unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

ALBERT D. STANCS and HELEN D. STANCS, Doing Business as the ALBERT D. STANCS ELECTRIC CO., LEVINE BROS. IRON WORKS CORPORATION, GOULDS PUMPS, INC., and AMERICAN-MONINGER GREENHOUSE MFG. CORP., Respondents, v. THE COUNTY TRUST COMPANY, Appellant, and Others, Defendants.— Action to recover for diversion of a trust fund created pursuant to subdivisions (5) and (6) of section 25 of the Lien Law. Judgment, in so far as it is in favor of plaintiffs Albert D. Stancs and Helen D. Stancs, doing business as the Albert D. Stancs Electric Co., and Goulds Pumps, Inc., unanimously affirmed, with one bill of costs. No opinion. Judgment, in so far as it is in favor of plaintiffs Levine Bros. Iron Works Corporation and American-Moninger Greenhouse Mfg. Corp., reversed on the law, with one bill of costs, and complaint dismissed on the law, with one bill of costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Inasmuch as the plaintiffs Levine Bros. Iron Works Corporation and American-Moninger Greenhouse Mfg. Corp. did not file liens, they are precluded from invoking section 25 of the Lien Law and, therefore, may not recover in this action. (*Amiesite Constr. Corp.* v. *Luciano Constr. Co.*, 284 N. Y. 223; *New York Trap Rock Corp.* v. *National Bank of Far Rockaway*, 260 App. Div. 1035.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. Settle order on notice.

HELEN WAIPA and ANDREW WAIPA, Appellants, v. WESTWOOD TRANSPORTATION LINES, INC., Respondent.— Action by plaintiff Helen Waipa to recover damages for personal injuries sustained as the result of the claimed negligence of the defendant in the operation of a bus in which plaintiffs were passengers, and by plaintiff Andrew Waipa, her husband, for loss of her services and for medical expenses. On appeal by plaintiff Helen Waipa from the judgment against her and in favor of the defendant, based on the verdict of a jury, and from an order denying her motion to set aside the verdict and for a new trial, and by plaintiff Andrew Waipa from the judgment entered against him dismissing his complaint at the close of the entire case on the ground that he had executed and delivered to the defendant a general release, judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.