METROPOLITAN CASUALTY INSURANCE CO. OF NEW YORK, Plaintiff, *v.* BARR WRECKING CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, February 8, 1943.

*Ober & Shukat* for Barr Wrecking Corporation, defendant.

*Jacob Bookshin* and *Breed, Abbott & Morgan* for plaintiff.

FROESSEL, J. Defendant Barr Wrecking Corporation, a general contractor, moves to dismiss the complaint herein for legal insufficiency. The action is a representative one, brought by an insurance creditor on behalf of itself and others similarly situated to enforce a trust with respect to " moneys heretofore or hereafter received by [said defendant] from the City of New York, or owed by the City to said defendant * * * including right of action for moneys due or to become due " to said defendant, in connection with a certain public improvement. The action is based upon the provisions of chapter 808 of the Laws of 1942, enacted May 11, 1942, and which became effective on September 1, 1942, amending a number of provisions of the Lien Law, including section 25-a, and adding new article 3-A entitled " Enforcement of Trusts."

So far as pertinent on this application, the complaint alleges that on or about November 10, 1941, the moving defendant entered into a contract with the city of New York for the making of a certain public improvement, which was thereafter performed and completed; that plaintiff issued to said defendant its policy of insurance in connection with said improvement on or about October 24, 1941, nearly a year prior to the effective date of the aforesaid legislation; that plaintiff's claim for the insurance premium thereon was thereafter reduced to a judgment in the sum of $2,667.59, entered on October 8, 1942; that there is now due and owing by the city to said defendant approximately $30,000; that the moving defendant purportedly assigned its claim to said moneys to two of the other defendants herein, but without consideration; and that under the provisions of the 1942 amendments of the Lien Law, and particularly under section 25-a, this action is authorized.

The moving defendant claims (1) that the complaint is insufficient by reason of the fact that plaintiff fails to allege that it has filed a lien, and (2) that plaintiff cannot avail itself of the 1942 enactments aforementioned inasmuch as they do not operate retroactively. In support of its first contention, defendant cites *New York Trap Rock Corp.* v. *National Bank of Far Rockaway* (260 App. Div. 1035, affd. 285 N. Y. 825) and *Stancs* v. *County Trust Co.* (262 App. Div. 1039). In the first cited case, arising prior to the 1942 enactments aforesaid, our court of last

resort, in a *per curiam* opinion, said: " We agree that regard-less of the construction of the scope and the effect of section 25-a of the Lien Law, no action at law can be brought by a single creditor. The determination of the construction and effect of section 25-a must await a case in which such question is necessarily presented." We did not have to wait long for such determination, for the construction and effect of section 25-a as it existed prior to 1942 was necessarily presented in the later and most recent case of *Raymond Concrete Pile Co.* v. *Federation Bank* (288 N. Y. 452, 463), and the court there said: " We must now conclude that no civil representative action is created by that section and that it does nothing more than to bring an offender under that section within the coverage of section 1302 of the Penal Law." Thus there is no longer any doubt that prior to the 1942 enactments, neither an individual action nor a civil representative action was authorized upon the facts pleaded in the complaint before me.

The question remains whether plaintiff may avail itself of the 1942 enactments. This legislation, among other things, amended section 25-a by adding thereto the following two sentences:

" Such trust may be enforced by civil action maintained as provided in article three-a of this chapter by any person entitled to share in the fund, whether or not he shall have filed, or had the right to file, a notice of lien or shall have recovered a judgment for a claim arising out of the improvement. For the purposes of a civil action only, the trust funds shall include the right of action upon an obligation for moneys due or to become due to a contractor, as well as moneys actually received by him." It also added new article 3-A, entitled " Enforcement of Trusts." The general rule is well settled that statutes are to be construed as prospective only, and that it takes a clear expression of the legislative purpose to justify a retroactive application; changes of procedure, i. e., of the *form* of remedies, are said to constitute an exception, but that exception does not reach a case where before the statute there was no remedy whatever. (*Jacobus* v. *Colgate,* 217 N. Y. 235, 240.) We have seen that prior to the 1942 enactments aforesaid, a civil representative action of the character in issue here was unauthorized. As stated in *Raymond Concrete Pile Co.* v. *Federation Bank* (*supra,* 462): " Those sections [including 25-a] create no new causes of action." The 1942 enactments, however, did create an entirely new cause of action, theretofore nonexistent, namely, a civil representative action to enforce the trust established by

section 25-a, as well as by other sections of the Lien Law. The general rule of construction, rather than the exception, is therefore applicable here. To hold otherwise would authorize the invasion of the vested rights of others, as a single illustration will indicate. Prior to the 1942 enactments, parties who had filed liens had a superior right over those who had not. It is to be assumed that creditors made contracts and dealt with contractors on the faith of that right. If the 1942 amendments were to be construed retrospectively, creditors who had not filed liens could share equally with creditors who had filed liens, thus disturbing the latters' vested rights of priority. A statute which deprives existing creditors of their rights of lien would impair the obligation of contracts, and contravene section 10 of article I of the Constitution of the United States. But, as was said in *Dalziel* v. *Rosenfeld* (265 N. Y. 76, 79), " Entirely apart from any question of constitutionality, no intent with such consequences will be imputed to the Legislature." In *Autocar Sales & Service Co.* v. *Hansen* (270 N Y. 414), the rule applicable here was asserted thus: " * * * statutes which take away or deprive one of vested rights in property should not receive a construction making them retroactive." An examination of the numerous provisions of the Lien Law as amended by said chapter 808 of the Laws of 1942 compels the conclusion that it could hardly have been the intention of the Legislature that these amendments were to operate retroactively.

It has already been observed that these amendments were enacted on May 11, 1942, and the effective date was postponed until September 1, 1942, a manifestation of legislative intent negativing the contention that the statute was to have retroactive effect. If the Legislature had the contrary intent, surely it would not have deferred the time of taking effect of the amendments. (*Matter of Kaufman*, 158 Misc. 102; McKinney's Cons. Laws of N. Y., Book 1, p. 75.)

A still further manifestation of legislative intent may be found in the history of its prior enactments with respect to the subject matter under consideration. When the Lien Law was amended generally in relation to mechanics' liens in 1932 (L. 1932, ch. 627), section 25-a was first enacted. Section 11 of said chapter provided: "The provisions of the lien law as amended by this act shall not * * * apply to mechanics liens * * * or to contracts for the improvement of real property made, prior to the date when this act takes effect * * *." A like provision was contained in chapter 859 of the Laws of 1930 (§ 21), which also amended generally the Lien

Law in relation to mechanics' liens, and introduced the concept of the trust. Under those provisions, section 25-a was held to have prospective operation only. (*American Laundry Machinery Co.* v. *Union Trust Co.*, 153 Misc. 55; *Globe Plastic Co.* v. *Seaboard Surety Co.*, 153 Misc. 415; see, also, *People* v. *Granger,* 247 App. Div. 899.) Section 70 of article 3-A of the Lien Law (added L. 1942, ch. 808) provides: " This article is to be construed in connection with article two of this chapter * * *." Inasmuch as the Legislature provided, when it enacted section 25-a of the Lien Law in 1932, that it shall not be retroactive, and new article 3-A directs that it shall be construed in connection with article 2, which embraces section 25-a, the legislative intent that the 1942 amendments shall be prospective in operation appears to be clear.

In the light of the foregoing, I am constrained to conclude plaintiff may not avail itself of the amendments of 1942 to the Lien Law, hereinbefore referred to, since they operate prospectively only, and plaintiff's claim arose in 1941. It follows therefrom that the complaint fails to state a cause of action, and the motion to dismiss must accordingly be granted.