Samuel H. Hofstadter, J.
Defendants Bero Construction Corp. and American Surety Company of New York move for dismissal of the complaint, pursuant to subdivision 4 of rule 106 and subdivision 7 of rule 107 of the- Rules of Civil Practice.
Plaintiff had supplied petroleum products to the defendant S. J. Pitts Hauling Co., Inc., and in a first cause of action seeks the recovery of the unpaid balance of the purchase price. That defendant was a subcontractor of the defendant Bero. In a second cause of action, plaintiff seeks to recover the unpaid purchase price from the latter, on the basis of a claimed guarantee. The bond furnished in connection with the public improvement was furnished by the defendant Surety Company, and in a third cause of action the plaintiff seeks to recover the purchase price from that defendant.
With respect to the claimed guarantee, plaintiff alleges that the defendant Bero guaranteed to plaintiff that the latter would be paid by Bero for material furnished and to be furnished to the subcontractor in order to induce the plaintiff to make further deliveries to the subcontractor. Thus, plaintiff is entitled to maintain the second cause of action upon the basis of the promise made by the defendant Bero, as an independent promise to make payment to the plaintiff, irrespective of the liability of the principal debtor (Bulkley v. Shaw, 289 N. Y. 133,136).
A copy of the bond is attached to the complaint and made a part of the third cause -thereof. It is a statutory bond given *960 in compliance with section 137 of the State Finance Law. The filing of a lien is necessary to secure the rights and benefits conferred by the statute. The complaint fails to allege that such a lien has been filed.
The motion is granted dismissing the cause of action asserted against the defendant American Surety Company of New York, and is otherwise denied, with leave to plaintiff to serve an amended complaint with 20 days from service of a copy of this order, with notice of entry.