Louis G-. Bruhn, J.
This is a motion on behalf of the defendants, Hartford Accident and Indemnity Company, Slattery Contracting Co., Inc., and Slattery Tunnel Corporation pursuant to rule 106 of the Rules of Civil Practice for an order dismissing the complaint herein on the grounds that the same does not state facts sufficient to constitute a cause of action.
While the instant complaint herein, dated July 19, 1961, contains an allegation under paragraph “ 14 ” that the plaintiff filed a lien with the State Comptroller and the Superintendent of Public Works, such lien apparently is not a valid one since Mr. Justice Henry J. Latham, in a decision appearing in the New York Law Journal on May 29, 1961 (p. 17, col. 5), granted an application of the defendant Slattery Contracting Co., Inc., *681 for an order vacating and canceling the notice of lien filed by the plaintiff.
His decision was based on the holding in Wynkoop v. People (1 A D 2d 620, affd. 4 N Y 2d 892). No appeal was taken from the order filed therein and, in a letter to this court dated September 25, 1961, the attorney for the plaintiff conceded that his lien could not be sustained.
So far as the defendant surety company is concerned it would appear that, pursuant to section 137 of the State Finance Law, the filing and enforcement of a valid lien is a condition precedent to any recovery against it. (Sinclair Refining Co. v. Pitts Hauling Co., 21 Misc 2d 959; Westchester Asphalt Distr. Corp. v. Yonkers Contr. Co., Inc., 4 A D 2d 774, affd. 4 N Y 2d 751.)
Therefore, since in the instant case the plaintiff is now unable to allege a valid lien filed, the motion, at least as to the surety, must be granted.
Turning next to the question of whether or not the complaint alleges a cause of action against the remaining moving defendants we find that they (Slattery Contracting Co., Inc., and Slattery Tunnel Corp.) were general contractors with the State of New York under a public improvement contract. They, in turn, had a subcontract for a portion of the work with Smith Construction Co., who, in turn, had a subcontract with Varrone & Hi Napoli, Inc., who, in turn, had a subcontract with the plaintiff.
The validity of the complaint involves an interpretation of article 3-A (§§ 70-79) of the Lien Law of the State of New York.
At this point it is well to remind ourselves that a determination of this motion with regard to the general contractors does not involve a determination of whether or not the plaintiff or anyone whom he represents in this action will necessarily succeed but, merely, whether or not the complaint states a valid cause of action.
In the first place there seems to be little question that there is no necessity for the existence of a valid lien or the right to file such a lien as a condition precedent to the institution of an action under this article. (Lien Law, § 71, subd. 4.)
Therefore, any cases decided on that proposition prior to such enactment no longer apply.
In the next place prior to the 1942 enactment of article 3-A neither an individual action nor a civil representative action was authorized under the Lien Law.
Now, however, there is provision for a representative action. (Lien Law, § 77, subd. 1; see, also, Metropolitan Cas. Ins. Co. v. Barr Wrecking Corp., 180 Misc. 200, 203-204.)
*682 Furthermore, article 3-A was undoubtedly enacted to broaden the protection to laborers and materialmen.
Such conclusion finds support in the case of Aquilino v. United States of America (10 N Y 2d 271, 278), where the court stated: “ The policy proclaimed by our statute is to protect those whose skill, labor and materials made possible the performance of a construction contract and who in fact, creating the improvement, actually gave rise to the owner’s obligation to pay. The Legislature sought to assure that the funds received from an owner should ‘ reach [their] ultimate destination — material and labor,’ ” (Italics supplied.)
It may well be that the Legislature had in mind such a broader policy of protecting ultimate suppliers of labor and material because of the limitations with regard to liens imposed by section 5 of the Lien Law.
That section seems to confine liens to a contractor and his subcontractor whereas no such limitation appears in article 3-A.
On the contrary, subcontractors, generally and however remote, are defined as beneficiaries of trusts created under this article whether the trust be that of a contractor or a subcontractor. (LienLaw, § 71, subd. 2, par. [a]; subd. 3, par. [b].)
The argument of the general contractors, that subdivisions 6 and 7 of section 70 create separate trusts and therefore exclude this plaintiff, has little merit, since the trust which the instant plaintiff is concerned with in this case is one over which the general contractors themselves would be the trustees since the money now withheld by the State is money primarily due to those general contractors.
Even to concede that only a trust involving an owner, a contractor and his subcontractor is created under article 3-A does not necessarily preclude a remote subcontractor from participating as a beneficiary or at least suing in a representative capacity on behalf of himself and other removed subcontractors against any such trusts.
An examination of the relief available in this type of action together with a consideration of the general legislative scheme of the article would seem to further substantiate this court’s conclusion that the instant complaint, at least as to the general contractors, alleges a good cause of action. (Lien Law, § 77, subd. 3, par. [a].)
Therefore, for the reasons stated the motion of the defendant, Hartford Accident and Indemnity Company, is granted, without costs and the motion of the defendants, Slattery Contracting Co., Inc., and Slattery Tunnel Corporation is denied, without costs.