WILLIAMS ENGINEERING AND CONTRACTING COMPANY, Appellant, *v.* CITY OF NEW YORK, Respondent.

**Lien Law — assignment of cause of action for breach of contract — when filing such assignment in county clerk's office not a condition. precedent to action — conclusion of Appellate Division that findings of fact by trial court were against weight of evidence — when new trial should have been ordered.**

In an action brought to recover for an alleged breach of a contract the Appellate Division held that the evidence tending to show the execution and delivery of the assignment of the cause of action was unsatisfactory, and reversed the findings of the referee, but made no affirmative finding that no such assignment was made and delivered. It then reversed the judgment for plaintiff and dismissed the complaint upon the ground that the assignment had not been filed in the office of the county clerk in accordance with the provisions of the Lien Law (Cons. Laws, ch. 33, § 15). The provisions referred to do not apply to such an assignment and hence the determination of the Appellate Division upon the decisive question of law was erroneous and its conclusion that the referee's findings of fact upon the making and delivery of the assignment were against the weight of evidence should have led it to grant a new trial and not to dismiss the complaint. (*Edison El. Illuminating Co. of Brooklyn* v. *Frick Co.*, 221 N. Y. 1, followed.)

*Williams Engineering & Contracting Co.* v. *City of New York,* 175 App. Div. 571, modified.

(Argued October 12, 1917; decided November 20, 1917.)

1

APPEAL from a judgment, entered March 2, 1917, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg, Alfred C. Petté* and *Franklin Nevius* for appellant. The failure to file the assignment to the plaintiff in the offices of the county clerks of New York and Queens in no way affected its validity as between the parties to it and the defendant, as the statute (Laws of 1897, ch. 418, § 1) makes an assignment not filed invalid only as against mechanics' liens subsequently filed. (*Edison El. Ill. Co.* v. *Frick Co.,* 221 N. Y. 1.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley, E. Crosby Kindleberger* and *R. Percy Chittenden* of counsel), for respondent.

HISCOCK, Ch. J. This action was brought by the plaintiff as assignee to recover damages for an alleged breach of contract made by the city of New York with plaintiff's assignor. The defendant not only denied liability, but asserted a counterclaim. The case was sent to a referee who made a report in favor of the plaintiff's claim and disallowing defendant's counterclaim, and upon this report a judgment for a large sum was entered in favor of the plaintiff.

Upon the trial before the referee, in addition to other issues involving the merits of plaintiff's claim and defendant's counterclaim, there was considered the question whether there was ever executed any assignment to plaintiff, a corporation, by its alleged assignor, a copartnership having the same name, and this question of fact was, in the disposition of the case made by the referee, necessarily decided in favor of the plaintiff.

When the case reached the Appellate Division two questions were especially considered by that court. The first was the one already outlined whether any instrument purporting to transfer to the plaintiff any claim of its alleged assignor was ever executed and delivered. As appears by the prevailing opinion of the Appellate Division, it considered that the evidence tending to sustain the facts of execution and delivery of such an assignment was very unsatisfactory, and various findings of fact upon that issue by the referee were reversed, but no affirmative findings were made to the effect that no such assignment was executed and delivered. Although thus holding that the evidence tending to sustain the execution and delivery of the assignment was unsatisfactory, it was written in effect that this view would lead the court simply to grant a new trial and not to dismiss the complaint as undoubtedly would have been the proper course in the absence of affirmative findings that no assignment was made.

The other question considered by the Appellate Division was the one whether assuming that the instrument of assignment was duly executed and delivered to the plaintiff, such assignment was valid, it not having been filed in the office of the county clerk under the provisions of section 15 of the Lien Law (Cons. Laws, ch. 33), and the conclusion was reached that it was not valid without such filing. The court then stated in its opinion, in substance, that there was no possibility of additional evidence being adduced upon this subject of filing, and that, therefore, under the view entertained by that court, the complaint should be dismissed, and judgment was rendered reversing the judgment of the trial court and dismissing the complaint.

Since this decision was made it has been held by this court in *Edison El. Illuminating Co. of Brooklyn* v. *Frick Co.* (221 N. Y. 1) that the provisions of the sec-

tion of the Lien Law already referred to do not apply to this assignment, and that it was not invalidated by failure to file in the clerk's office.

We, therefore, have it that the view of the Appellate Division upon the decisive question of law which influenced it to dismiss the complaint was erroneous, and that its conclusion that the findings of fact .upon the other question, whether an assignment was executed, were against the weight of evidence would and should have led it to grant a new trial and not to dismiss the complaint.

Under these conditions, therefore, the judgment of the Appellate Division should be so modified as to grant a new trial instead of dismissing the complaint, and as so modified judgment affirmed, with costs in this court and in the Appellate Division to abide event.

CHASE, CUDDEBACK, HOGAN, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment accordingly.