JAMES M. FOGARTY, Doing Business under the Firm Name and Style of " OFFICE EQUIPMENT Co.," Plaintiff, *v.* THE CITY OF ALBANY and Others, Defendants.

Supreme Court, Albany County, March, 1935.

*Charles J. Tobin,* for the plaintiff.

*Cooper, Erving & Savage,* for the First Trust Company of Albany.

STALEY, J.    Charles J. McDonough entered into a contract with the city of Albany to do certain work in connection with the Industrial High School on Morton avenue, for $18,722.   On June 15, 1934, he gave an assignment to the First Trust Company of Albany for the entire amount of his contract for moneys advanced and to be advanced.   On August 3, 1934, the city paid the First Trust Company $5,950.   Prior to this time, the First Trust Company had made advances to McDonough.   However, out of the $5,950, $730.43 was applied upon a prior indebtedness of McDonough's.

Section 25-a of the Lien Law provides: " Contractor on public improvements who diverts funds guilty of larceny.   The funds received by a contractor for a public improvement are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising

out of the improvement, and to the payment of premiums on surety bond or bonds filed and premiums on insurance accruing during the making of the improvement and any contractor * * * who applies or consents to the application of such funds for any other purpose and fails to pay the claims hereinbefore mentioned is guilty of larceny and punishable as provided in section thirteen hundred and two of the penal law."

This section makes the funds received by a contractor for a public improvement trust funds. Since they are declared to be trust funds, then the law as to trust funds and the following of the same when they are diverted may be applied.

The rule is that a bank is not responsible for the diversion of trust funds by a trustee unless it participates in the diversion. Its participation in a diversion results from either acquiring an advantage or benefit directly through or from the diversion, or joining in a diversion in which it is not interested, with actual notice or knowledge that a diversion was intended or was being executed, and thereby becoming privy to it. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 112; *Clarke* v. *Public National Bank & Trust Co.*, 259 id. 285.)

In the case at bar the statute declares the moneys received on the contract for the public improvement to be trust funds for the purpose of paying lien holders, etc. When the bank took this money for its own purposes, knowing the source of the funds, it participated in a diversion, and for this it is responsible.

The case is no different than if McDonough placed funds in the bank in his name as trustee, and the bank with knowledge that a diversion was intended, permitted the money to be withdrawn for the purpose, or participated in the diversion by securing some benefit from it.

Until the job was completed and the time for the filing of liens had expired, the bank was bound to know that the trust continued.

Under the circumstances, it must repay this money.

The plaintiff is entitled to tax a full bill of costs and the attorneys appearing on the trial for defendants whose claims are established, are each allowed thirty dollars trial fee. All costs and allowances to be paid out of the fund subject to distribution.

Findings of fact and conclusions of law may be presented in accordance with this memorandum and judgment entered thereon establishing the lien of the parties hereto as stipulated in the record. and directing the return by the First Trust Company of the sum of $730.43 to the fund in the city comptroller's office, said fund being the balance due and unpaid on the contract, the payment from said fund as so increased of the costs and allowances and the *pro rata* payment of the balance to the lienors herein on the basis of the amounts of the liens as established.