YORK TRIM CORPORATION, Plaintiff, *v.* ARDSLEY TRADING CORPORATION, Defendant.

Supreme Court, Special Term, Bronx County, June 22, 1938.

*Irving Fellerman,* for the plaintiff.

*David Goldstein,* for the defendant.

LEVY, J. Plaintiff alleges in its complaint that it furnished materials to a contractor which had received an open market order to furnish labor and materials for the construction of a public improvement. After the materials were furnished and the improve-

ment completed, the contractor assigned to the defendant the amount due from the city on the order. At that time the contractor was still indebted to the plaintiff. Moreover, the assignment did not comply with section 25 of the Lien Law, in that it failed to contain a covenant impressing a trust upon moneys advanced for the payment of claims arising out of the improvement. It is further alleged that by reason of the invalidity of the assignment the moneys received by the defendant from the city are impressed with a trust for the benefit of the plaintiff, to the extent of the debt owing to it from the contractor. Plaintiff demands that the assignment be declared invalid, that the moneys received by defendant be impressed with a trust, and for judgment in the amount of the debt. Defendant now moves to dismiss the complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice, upon the ground that there is no privity of contract between the parties. Obviously that is of no consequence where the obligation of the defendant arises out of a constructive trust. Nor is there any merit to the contention that plaintiff failed to allege that it filed a notice of lien in compliance with section 12 of the Lien Law. That statute is permissive only. Non-compliance with it in no way alters defendant's obligation resulting from non-compliance with section 25 of the Lien Law, which is mandatory. Finally the argument that plaintiff has an adequate remedy at law is likewise without merit. Plaintiff's remedy against this defendant flows directly from section 25 and is necessarily equitable in nature. The motion is, therefore, denied. Defendant may serve an answer within ten days after the service of a copy of this order, with notice of entry.