RAYMOND CONCRETE PILE COMPANY, etc., Plaintiff, *v.* FEDERATION BANK AND TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, June 10, 1940.

*Le Boeuf, Machold & Lamb* [*Horace R. Lamb* and *Francis T. Carmody* of counsel], for the plaintiff.

*Buchter, Rathheim, Abrams & Holz* [*Sidney Abrams* of counsel], for the defendant.

*Cravath, deGersdorff, Swaine & Wood* [*Joseph Day Lee* of counsel], for the Bethlehem Steel Company, as *amici curiæ*.

EDER, J. L. P. O'Connor, Inc., was general contractor for the foundations of the public improvement of the city of New York known as New Criminal Court and City Prison, Manhattan. It received a check for $178,088.38 from the city as a payment on account of said public improvement which it deposited with the defendant bank in the ordinary course of business. It owed the defendant $78,000 on a demand note which represented advances to the O'Connor concern — moneys borrowed from time to time. After this check had cleared, defendant charged the $78,000 against the balance in the O'Connor account. There were at the time unpaid subcontractors and materialmen, among them the plaintiff and Bethlehem Steel Company.

Plaintiff herein is a subcontractor and sues on behalf of itself and other creditors who may come in and contribute to the expense of this action. The action is brought to impress a trust on the moneys defendant applied in payment of its said demand note against the O'Connor concern and reliance is placed on section 25-a of the Lien Law to justify a recovery, it being the contention of the plaintiff that this money, by virtue of said statute, constituted part of a trust fund, inasmuch as the money was a payment made to a contractor for work done on a public improvement.

So far as the statute is here material, section 25-a of the Lien Law declares: " The funds received by a contractor for a public improvement are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of sub-contractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement." A companion provision is section 36-a of the Lien Law, which applies to improvements of private property.

The question here involved is this: Where a bank, knowing that moneys deposited with it by a contractor on a public improvement are moneys received by the contractor on account of such improvement, applies such moneys to the payment of a personal indebtedness of the contractor to the bank, is such bank liable for the claims of the mentioned statutory beneficiaries to the extent of such application, where the bank did not have knowledge of the existence of unpaid creditors when such application of the moneys was made?

It is erroneous to suppose that when such funds are deposited in a bank and it applies them toward payment of a debt due it from the contractor that this act *per se* constitutes a diversion

of the "trust" funds and that the bank thereupon becomes liable as a trustee under this statute and must repay the same. The action against the bank is commonly denominated a statutory suit — an action brought "under section 25-a of the Lien Law," to impress a trust upon such funds. If the plaintiff's theory is that under this provision the bank is similarly made a trustee of the funds, as much so as the contractor, I fail to share in this view, for nowhere in this enactment is a bank referred to in any way; the statute is clear and unambiguous and the inclusion of a bank in the *descriptio personæ* as trustee of the funds cannot be read into it and the action cannot properly be maintained as a statutory suit. Any right of action, therefore, must rest on the general principle (and not on the statute) that a banker who actually knows that a fund on deposit is a trust fund cannot appropriate it for his private benefit and must refund the money if the appropriation is a breach of the trust. (*Bischoff* v. *Yorkville Bank*, 216 N. Y. 106, 112.)

This necessarily involves the all-controlling and vital elements that the bank had notice or knowledge not only that the moneys were received for a trust purpose but also that they were diverted from that purpose. (*Clark* v. *Public National Bank & Trust Co.*, 259 N. Y. 285, 289.) The burden of proof thereof is upon the plaintiff. (*Clark* case, *supra.*)

Plaintiff claims defendant had actual notice or knowledge, or is charged with notice or knowledge, that this check of the city represented a payment on this public improvement, knew its source, and hence knew and was charged with knowledge that it constituted trust funds under this statute and any application thereof to the payment of the note was a diversion thereof for which the defendant is liable, citing and relying principally upon *Fogarty* v. *City of Albany* (157 Misc. 30), an isolated case. I am unable to concur in this ruling as it is not supported by logic nor by the weight of authority on the general principle applicable to the elements of notice or knowledge. (*Clark* case, *supra; Vulcan Rail & Constr. Co.* v. *County of Westchester*, 250 App. Div. 212, 219; *Barclay* v. *Corn Exchange Bank Co.*, 155 Misc. 684, 686; affd., 243 App. Div. 692; affd., 267 N. Y. 630.)

In *Bonham* v. *Coe* (249 App. Div. 428, 433; affd., 276 N. Y. 540) the court, in discussing the right of the plaintiff to recover from a bank for moneys allegedly diverted from trust purposes, said: "That can only be done if the recipients took these payments with notice or knowledge that they were trust funds, and that such funds had been improperly diverted. Mere knowledge of the source of the money is not sufficient — there must also be knowledge of the violation of a trust duty." As also said by Judge

McLaughlin in the *Barclay* case (*supra*): " The question resolves itself into the simple proposition, did the bank have sufficient facts upon which to charge it with notice of the character of the funds deposited."

In the case at bar there is a total failure of proof by the plaintiff in all essential and vital elements necessary to be established to warrant a recovery. Its case rests on conjecture and surmise. Indeed, it is stated in the brief of the attorneys for Bethlehem Steel Company, as *amici curiæ:* " There is no direct evidence that the bank knew, when it made the diversion, that there were any unpaid ' claims of sub-contractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement.' " On the other hand, the defendant fully established by the testimony of its vice-president, Shanahan, that the payment of the O'Connor indebtedness to it was made in absolute good faith, and in the regular course of its business, which I find to be the fact. It becomes unnecessary, therefore, to consider or pass upon the defenses of a claimed banker's lien and right to equitable subrogation.

Judgment for the defendant must follow, dismissing the complaint upon the merits, with costs. Appropriate exception to plaintiff. Submit findings and judgment in accordance herewith, on notice.