CONTINENTAL CASUALTY COMPANY, Plaintiff, *v.* BEN-MIL, INC., and Others, Defendants.

Supreme Court, Special Term, New York County, August 23, 1940.

*Harold Glatzer [Daniel Eisenberg* of counsel], for the plaintiff.

*Benjamin Shedler,* for the defendants.

WALTER, J. Motion for interlocutory judgment for accounting is denied. Upon the sole ground that the corporate defendant is

indebted to it for insurance premiums, the plaintiff brings this action to compel it to account for moneys alleged to have been received for work, labor and services rendered and materials furnished for the improvement of real property. Plaintiff's theory is that by sections 36-a and 36-b of the Lien Law moneys so received are declared to be trust funds to be applied, among other purposes, to the payment of premiums on such bonds and policies as plaintiff wrote for the corporate defendants. There are, I think, two obstacles in the way of granting the relief sought. In the first place, to grant the relief would enable plaintiff to gain a preference by appropriating to itself a part of the trust fund without notice to or an adjudication of the rights of other claimants, whereas sections 36-a and 36-b plainly contemplate that the claims of others are to share proportionately in the so-called trust fund. The only permissible form of remedy, therefore, is an action on behalf of all who are similarly situated. (See *Bleimeyer* v. *Public Service M. C. I. Corp.*, 250 N. Y. 264, 269.) In the second place, money received for work upon an improvement of real property is still the property of the one who does the work even though impressed with a trust in favor of creditors, and I find no indication in the statute of an intent to abrogate the usual requirement that claims be reduced to judgment before resort is had to equity. (*American Surety Co.* v. *Conner*, 251 N. Y. 1, 5.) On the contrary, section 36-e indicates an intent to retain that requirement because even the more limited right to an examination of books is accorded only to judgment creditors. If the Legislature had intended to accord to insurance and surety companies the rights of lienors simply by virtue of the fact that premiums are due, I think it would have amended section 3 so as to include them, and that it has not done. (*Matter of O'Rourke*, 152 Misc. 575.) If only the first-mentioned obstacle existed, leave to amend so as to make the action one on behalf of all similarly situated would be granted, but in view of the conclusion reached with respect to the necessity for a judgment such amendment would be futile.