AMIESITE CONSTRUCTION CORPORATION, Appellant, *v.* LUCIANO CONTRACTING & BUILDING CO., INC., et al., Defendants, and HANIBAL M. FIORE, Respondent.

Argued October 1, 1940; decided November 19, 1940.

*James H. Cavanaugh* and *Joseph H. Konrad* for appellant.

*Sydney A. Syme* and *Edward M. Acton* for respondent.

RIPPEY, J.  The Luciano Contracting & Building Co., Inc., entered into a written contract with the State of New York, Department of Public Works, Division of Highways, on July 22, 1938, for the improvement of a public highway in Westchester county, entitled "Reconstruction of the Mamaroneck, White Plains State Highway No. 19, known as RC No. 2536." The improvement was completed and accepted by the State on November 30, 1938. At the time of the commencement of this action there was a balance due and unpaid to the contractor in the amount of $4,802.90. Those moneys were not in the hands of the contractor. Neither were they set aside and appropriated to the con-tract by the State.

The Amiesite Construction Corporation, by two con-tracts dated July 11, 1938, and August 17, 1938, respectively,

agreed to furnish the labor, material and equipment to complete that part of the improvement contract relating to bituminous macadam at prices therein mentioned. No time for payment was specified. As the work progressed the bituminous material was furnished and laid as required. As of November 30, 1938, there was due and owing to the Amiesite Corporation $7,083.52. That corporation, appellant herein, has been awarded a money judgment against the general contractor for the foregoing amount, with interest from November 30, 1938, but has been denied a lien under section 5 of the Lien Law (Cons. Laws, ch. 33) upon, or preferential right under section 25 of the Lien Law to payment of, the unpaid amount due to the contractor. The time within which notices of lien might be filed expired on December 30, 1938, thirty days after the contract was completed (Lien Law, § 12). No notice of lien was filed at any time by the Amiesite Corporation.

On April 1, 1939, the plaintiff was notified by defendant Fiore that he held a written assignment, dated September 3, 1938, from the contractor of all moneys due and to become due from the State under the aforesaid contract and that he claimed the entire balance due, whereupon this action was commenced. The assignment was executed and delivered in consideration of moneys to be advanced to the contractor to be used by the latter in the performance of its contract with the State. Thereafter Fiore advanced to the contractor for that purpose before the contract was completed and on the security of the assignment $14,475, of which $8,143.70 was unpaid at the time the action was commenced. The assignment was filed with the Comptroller of the State on April 6, 1939.

The action is not one under the Lien Law to foreclose a lien and to establish the priority of plaintiff as a lienor. No such action would lie since plaintiff failed to comply with the provisions of the Lien Law requiring filing of a notice of lien. The obligation of the contractor to plaintiff was on an open account. Plaintiff was neither a judgment creditor nor an attaching creditor. Plaintiff alleges that the

written assignment to Fiore was invalid under the Lien Law as against its claim since the assignment omitted the covenant required by section 25 (subd. 5) and was not filed within the time required by section 16, and that, consequently, it must be given preference in the distribution of the balance due from the State under section 25 (subd. 6) on the theory that the balance unpaid constitutes a trust fund in the hands of the State exclusively for the benefit of laborers and materialmen and others specified therein as against such an assignment. We agree with the lower courts that plaintiff cannot maintain its claim.

Section 25 of the Lien Law, by its express terms, provides the order for priority of liens and assignments and preferences to funds in the hands of the contractor under contracts for public improvements only in actions to enforce a lien. Subdivision (5) of that section provides that " every assignment of moneys, or any part thereof, due or to become due under a contract for a public improvement shall contain a covenant by the assignor that he will receive any moneys advanced thereunder by the assignee as a trust fund to be first applied to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement * * * and that he will apply the same to such payments only, before using any part of the advances for any other purpose." Subdivision (6) declares such advances trust funds in the hands of the contractors for the benefit of the persons mentioned in the previous subsection (5) and makes application of those funds by the contractor for any other purpose, as does section 25-a, a felony. But those provisions of subdivision (5), by the express terms of the section, impose upon the assignee no " obligation to see the proper application of the moneys advanced under such assignment by the assignee."

Those provisions are for the protection of the persons mentioned in section 25 and in aid of recovery by those entitled to priority or preference in distribution in an action to foreclose a lien. The assignment to Fiore did not

contain the covenant specified in section 25 (subd. 5) nor was it filed within the time required by section 16. In an action to foreclose a lien, the failure of Fiore to file his assignment within the time required in section 16 and the omission of the covenant specified in section 25 (subd. 5) would render the assignment ineffective as against those and *those only* who were entitled to invoke priority or preferential payment under section 25 of the Lien Law (*Edison Electric Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1, 8; *Williams E. & C. Co.* v. *City of New York*, 222 N. Y. 1, 3; *Albany B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432, 436). However infirm the failure of Fiore to file the assignment or the omission of the covenant might render the assignment for the purpose of one who is entitled to enforce a lien under section 25, the plaintiff is not a lienor and obtains no benefit from those infirmities in prosecuting its claim (*Mack* v. *Colleran*, 136 N. Y. 617; *McCorkle* v. *Herrman*, 117 N. Y. 297; *Edison Electric Illuminating Co.* v. *Frick Co.*, *supra*). Nothing contained in the Lien Law nor in the legislative proceedings preceding the enactment by the Legislature of subdivisions (5) and (6) of section 25 (Laws of 1930, ch. 859, § 15, amending Laws of 1929, ch. 515, derived from Laws of 1898, ch. 169) indicate that subdivisions (5) and (6) are intended to be considered or given effect without regard to the other provisions of section 25 of which they are a part or without regard to other pertinent provisions of the Lien Law.

No attack has been directed against the assignment except on the specific grounds that it was void as against appellant because (1) it was not filed as required by section 16 of the Lien Law, and (2) it did not contain the covenant required by section 25 (subd. 5). In spite of the failure of Fiore to file his assignment and the omission of the clause required by section 25 (subd. 5) of the Lien Law, it was, however, not void under the circumstances of this case. It was a valid common-law assignment and, as such, it gave Fiore preference over the plaintiff in the distribution of the unpaid balance due to the contractor

upon completion of the improvement contract since the plaintiff had neither a prior nor subsequent valid lien (*Bates* v. *Salt Springs Nat. Bank*, 157 N. Y. 322, 327; *Edison Electric Illuminating Co.* v. *Frick Co., supra; Albany B. S. Co.* v. *Eastern B. & S. Co., supra; Arrow Iron Works, Inc.,* v. *Greene*, 260 N. Y. 330; *Lee* v. *Bailey Corporation*, 267 N. Y. 161).

The judgment appealed from should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN FINCH, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment affirmed.