NEW YORK TRAP ROCK CORPORATION and Others, Respondents, v. THE NATIONAL BANK OF FAR ROCKAWAY, Appellant.— In an action for money had and received the plaintiffs sue to recover unpaid balances due them for materials furnished under a contract for a public improvement. The complaint alleges that the defendant bank, in which the contractors deposited the final payment received by them from the New York City Parkway Authority, paid the entire fund to itself on account of an indebtedness owing to it by the contractors. Defendant moved to dismiss the complaint for failure to state facts sufficient to constitute a cause of action and the motion was denied. Order, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. It does not appear that any of the plaintiffs had filed liens. Hence they acquired no rights under sections 25 and 25-a of the Lien Law. (Amiesite Constr. Corp. v. Luciano Contr. Co., 284 N. Y. 223.) Under the construction placed upon the statute in that decision, the funds received by a contractor do not acquire the character of trust funds unless and until a lien is filed while the funds are in the contractor's hands. The plaintiffs are, therefore, in the position of ordinary creditors of the contractors, and the complaint alleges no facts from which the conclusion could be drawn that their claim is superior to that of the defendant. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THADDEUS F. O'REILLY, Appellant, v. ST. JOHN'S UNIVERSITY, Respondent.— Action to recover damages for breach of a contract of employment. Order granting defendant's motion for judgment on the pleadings, dismissing the complaint, and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THEODORE PENNEY, as a Stockholder of 138-19TH STREET JACKSON HEIGHTS, INC., in His Own Behalf and on Behalf of All Other Such Stockholders of Said Corporation, Appellant, v. 138-19TH STREET JACKSON HEIGHTS, INC., and JOHN J. DUFFIE, Defendants, and EARLE PEARSON, GEORGE W. BERSCH, MILO W. WHITAKER and RELMOND U. SHAFFER, Respondents.— Order granting motion to dismiss the amended complaint for insufficiency reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order hereon. The facts, as alleged in the complaint, are that respondent Shaffer does not dispute the existence of his indebtedness to the corporate defendant and that the individual defendants, other than John J. Duffie, as directors, refuse to proceed against Shaffer so as to enrich unjustly the latter at the expense of the corporate defendant and its stockholders. In addition, respondent Shaffer was elected a director of the corporate defendant for the year 1939. The showing is sufficient as a matter of pleading to warrant the conclusion that the directors are guilty of misconduct equivalent to a breach of trust. (Koral v. Savory, Inc., 276 N. Y. 215, 217.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM I. COHEN, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting the defendant of the crime of conspiracy to obstruct justice and to cheat and defraud, unanimously affirmed. No opinion. Present — Lazansky, P. J.; Johnston, Adel, Taylor and Close, JJ.