### WICKES BOILER CO., Inc., v. GODFREY-KEELER CO., Inc.

#### No. 142.

Circuit Court of Appeals, Second Circuit.

Dec. 24, 1940.

Solomon S. Friedman, of New York City, for debtor-appellant Godfrey-Keeler Co., Inc.

Broadwin & Mannheimer, of New York City, (Joel Irving Friedman, of New York City, of counsel), for petitioner-appellee Wickes Boiler Co.

Before SWAN, AUGUSTUS N. HAND, and, CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The debtor, Godfrey-Keeler Co., Inc., entered into a contract with the Brooklyn

Yarn Dye Company to install a power plant and heating system in the premises of the latter. Contemporaneously the contractor entered into sub-contracts with The Wickes Boiler Company, Inc., that the latter should furnish boilers and insulating panels for the plant and heating system. Thereafter, Godfrey-Keeler Co. filed a petition for an arrangement under Chapter XI, § 301 et seq., of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and an order was made continuing the debtor in possession. The boilers and panels were installed and, at the time the petition for an arrangement was filed, $1,810.50 remained due The Wickes Boiler Company from Godfrey-Keeler Co. under the sub-contract. It appears that there is a sufficient balance due Godfrey-Keeler Company under its contract with Brooklyn Yarn Dye Company to pay all laborers and materialmen. The Wickes Boiler Company claims that it is entitled to the moneys due for installing the power plant and heating system to the extent that is necessary to pay the balance due it of $1,810.50, and prays that the amount remaining due from the Brooklyn Yarn Dye Company be impressed with a trust in its favor accordingly. It has never filed a mechanic's lien but relies on § 36-a of the New York Lien Law Consol. Laws, c. 38, which reads as follows: "§36-a. Contractor who diverts funds guilty of larceny. The funds received by a contractor from an owner for the improvement of real property are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement, and to the payment of premiums on surety bond or bonds filed and premiums on insurance accruing during the making of the improvement and any contractor and any officer, director or agent of any contractor who applies or consents to the application of such funds for any other purpose and fails to pay the claims hereinbefore mentioned is guilty of larceny and punishable as provided in section thirteen hundred and two of the penal law."

A balance of $8,806.50 was due the debtor from Brooklyn Yarn Dye Company at the time when the petition for the arrangement was filed. As we have already intimated, this was sufficient to pay all laborers and materialmen. Under these circumstances the District Court held that this balance when received by the debtor would, by virtue of Section 36-a, supra, become a trust fund for the benefit of such creditors and that The Wickes Boiler Company was entitled to have it impressed with a trust to the extent of its claim for $1,810.50.

In York Trim Corp. v. Ardsley Trading Corp., 169 Misc. 656, 7 N.Y.S.2d 843, the Special Term of the New York Supreme Court reached essentially the same conclusion that the District Court did here. The difference between that case and this is that there the claim was made by a materialman who had furnished supplies to a contractor engaged in building a public improvement, while here the boilers were furnished by the claimant to the contractor engaged in installing a plant for a private corporation. The materialman there relied on provisions of the New York Lien Law which in 25-a has a provision applicable to contracts for public improvements like the one covering private contracts in 36-a.

The debtor calls attention to the words of the statute that: "funds received by a contractor from an owner for the improvement of real property are * * * declared to constitute trust funds in the hands of such contractor", and argues that the balance due from the owner is not "received by" or "in the hands of such contractor". Nevertheless it may be contended that the statute places a contractor in a fiduciary relation to laborers and materialmen in respect to his claim against the owner, so that the moment it is collected active duties arise to apply it according to the terms of the statute "to the payment of claims of sub-contractors * * *", and prior to that time the duty exists to enforce the claim for the benefit of creditors for whose benefit it is to be applied when received. If such an argument is sound, an assignment to a bona fide purchaser for value and without notice would pass a good title to the claim free of equities though, as respects the contractor, it would result in a breach of trust since it would defeat the very object of the statute.

█ It may be added in support of the sub-contractor's position that it has an inchoate interest in its claim existing prior to the time of collection which resembles a mechanic's lien that may be inchoate be-

fore filing but is validated by filing even after a prior petition in bankruptcy. Gates & Co. v. Stevens Construction Co., 220 N.Y. 38, 115 N.E. 22; In re New York-Brooklyn Fuel Corporation v. Fuller, 2 Cir., 11 F.2d 802. These two decisions, as well as many others, establish that a trustee in bankruptcy (whose rights the debtor here possesses) is vested with no greater interest than the bankrupt himself, and that the bankruptcy law does not affect any lien, inchoate or otherwise, which would be effective against the bankrupt.

To support the contention that funds must be actually received "by the contractor from an owner" before any trust relation arises, the debtor cites three decisions: Brescia Coal, Feed & Lumber Corp. v. Scheuplein, Sup.Ct., 9 N.Y.S.2d 921; New York Trap Rock Corp. v. National Bank of Far Rockaway, reported in Sup.Ct.,[1] and Raymond Concrete Pile Co. v. Federation Bank & T. Co., 174 Misc. 206, 20 N.Y.S.2d 575.

In the Brescia case, a sub-contractor sought to impress a trust under § 4-a of the Lien Law on moneys in the hands of an insurance company prior to their payment to the contractor. A motion to dismiss the complaint was granted by the Special Term without prejudice, however, to the assertion of a right of action in the event of "failure or refusal of the * * * owner to pay the amount of the plaintiff's lien when and if the amount of such lien is established." [9 N.Y.S.2d 922.]

The second decision involved the construction of § 25-a of the Lien Law relating to public improvements. The Special Term said that funds received by a contractor and deposited in a bank which, without notice of any equity on the part of creditors furnishing labor or materials, applied them to payment of a debt due it from the contractor, were not converted by the bank; but it denied a motion to dismiss the claims of such creditors (who had filed no notice of lien) because the complaint alleged that the deposits were received by the bank from the contractor with notice of their equities.

The third decision, also rendered by the Special Term, was to the same effect. In other words, the result depended on whether the bank had any notice that it was the recipient of trust funds. In each case it was merely held that in the absence of such notice there can be no recovery against a third party recipient. Restatement of the Law of Trusts, § 284.

■■ The further claim is made by the debtor that § 36-a creates a class of creditors entitled to priority in contravention of § 64, sub. a (5) of the Bankruptcy Act. This contention is without substance. There has been no attempt to alter the priorities fixed by § 64 in marshalling the assets of a bankrupt's estate. These priorities apply only to the estate of the bankrupt, and not to trust funds of which third parties are the beneficial owners. The question here is whether the property claimed by the sub-contractor is or is not an asset of the debtor's estate.

As the case stood at the close of the argument we might have held that a trust arose because of the provisions of § 36-a which established the priority of the claim of the sub-contractor and required the affirmance of the order of the District Court. But since the argument of the appeal the appellant has called to our attention the decision of the New York Court of Appeals in Amiesite Construction Corp. v. Luciano Contracting Co., 30 N.E.2d 483, rendered on November 19, 1940, and also the decision of the Appellate Division, Second Department, in New York Trap Rock Corp. v. National Bank of Far Rockaway reported in Sup.Ct., 24 N.Y.S.2d 426. This decision reversed the order of the Special Term already referred to.

In Amiesite Construction Corp. v. Luciano Contracting Co., supra, an assignee of moneys due a contractor, engaged in a public improvement, had made advances to the latter on the security of the assignment but had not complied with the provisions of §§ 16 and 25 (5) of the Lien Law. Notwithstanding this failure the assignee was held to prevail over a sub-contractor who had not filed a notice of lien pursuant to the New York statute. The decision might have proceeded on the theory that the assignee was in the position of a bona fide creditor without notice of the equities of the sub-contractor. Barclay v. Corn Exchange Bank Trust Co., 267 N.Y. 630, 196 N.E. 614. But there are reasons for supposing that the Court of Appeals really went on the ground that irrespective of any notice of equities on the part of the assignee the sub-contractor

---

[1] No opinion for publication.

was not entitled to prevail because it had not filed its notice of lien. That such was the rationale of the opinion of the court is borne out by the decision of the Appellate Division in New York Trap Rock Corp. v. National Bank of Far Rockaway, cited above. In reversing the Special Term the Appellate Division said: "It does not appear that any of the plaintiffs had filed liens. Hence they acquired no rights under sections 25 and 25-a of the Lien Law. Amiesite Const. Corp. v. Luciano Cont. & Bldg. Co., Inc., 284 N.Y. 223, 30 N.E.2d 483, decided November 19, 1940. Under the construction placed upon the statute in that decision, the funds received by a contractor do not acquire the character of trust funds unless and until a lien is filed while the funds are in the contractor's hands. The plaintiffs are, therefore, in the position of ordinary creditors of the contractors, and the complaint alleges no facts from which the conclusion could be drawn that their claim is superior to that of the defendant."

In view of the foregoing decision of the Court of Appeals as interpreted by the Appellate Division the order of the District Court is reversed, and the petition of Wickes Boiler Company, Inc., is dismissed.