WICKES BOILER CO., Inc., v. GODFREY–KEELER CO., Inc.

No. 142.

Circuit Court of Appeals, Second Circuit.

June 21, 1941.

For former opinion, see 116 F.2d 842.

Solomon S. Friedman, of New York City, for appellant.

Joel Irving Friedman, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In the opinion written prior to the petition for a rehearing, and reported in 2 Cir., 116 F.2d 842, we gave our reasons for the view that § 36-a of the New York Lien Law rendered the balance of $8,806.-50 due the debtor from Brooklyn Yarn Dye Company whenever received by the debtor a trust fund which the Wickes Boiler Company became entitled to have impressed with a trust to the extent of the claim of the latter for $1,810.50. We, however, decided the case in favor of the debtor on the theory that the Appellate Division, Second Department, in New York Trap Rock Corp. v. National Bank of Far Rockaway, 260 App.Div. 1035, 24 N.Y.S. 2d 426, had interpreted the New York Court of Appeals decision in Amiesite Const. Corp. v. Luciano Contracting & Bldg. Co., 284 N.Y. 223, 30 N.E.2d 483, as holding that "funds received by a contractor do not assume the character of trust funds unless and until a lien is filed while the funds are in the contractor's hands." We had seriously doubted whether this was the holding of the New York Court of Appeals and thought it was at best but a dictum and very likely not even that. But the deliberate holding of the Appellate Division that this was the effect of the Court of Appeals decision caused us to change our own view of the proper decision on the present appeal. Since our opinion in the present case was filed, the New York Court of Appeals has reviewed the Appellate Division in New York Trap Rock Corp. v. National Bank of Far Rockaway, supra, and has affirmed its decision in the following memorandum, 35 N.E.2d 498:

"New York Trap Rock Corp. et al. ap. v. Nat. Bank of Far Rockaway, res.

"Judgment affirmed with costs. We agree that regardless of the construction of the scope and the effect of section 25-a of the Lien Law, no action at law can be brought by a single creditor. The determination of the construction and effect of section 25-a must await a case in which such question is necessarily presented. All

concur except Lehman, C. J., taking no part."

■ It is evident from the foregoing that in declining to pass on the "construction and effect of Section 25-a of the Lien Law" the New York Court of Appeals was careful to avoid approving the view expressed by the Appellate Division that funds received by a contractor "do not acquire the character of trust funds unless and until a lien is filed while the funds are in the contractor's hands." [260 App.Div. 1035, 24 N.Y.S.2d 427.] Under these circumstances we think that we are not bound to follow the decision of the Appellate Division, Second Department, in New York Trap Rock Corp. v. Nat. Bank of Far Rockaway, supra, for it not only seems contrary to the provisions of § 36-a of the New York Lien Law but also in conflict with the decision of the First Department in Raymond Concrete Pile Co. v. Federation Bank & T. Co., 261 App. Div. 25, 23 N.Y.S.2d 933. That decision reversed the judgment of the Special Term in 174 Misc. 206, 20 N.Y.S.2d 575, and held that the sub-contractors which sought to reach the bank deposit were trust beneficiaries under § 25-a, although so far as the record discloses they had filed no notice of lien.

The New York Joint Legislative Committee, when recommending the amendment of Section 36 and the enactment of Section 36-a and 36-b, remarked that: "These amendments are recommended for the reason that * * * the present section * * * does not offer any protection to laborers or materialmen * * * who have not filed liens prior to such diversion." (Legislative Document No. 72, 1930, Vol. 19.)

■ There is the further objection to the result reached by the Appellate Division in the Trap Rock decision that § 36-a protects not merely claims for labor and materials but also claims of insurance corporations for "premiums on surety * * * bonds filed and premiums on insurance" for which no liens can be filed. Travelers' Insurance Co. v. Village of Ilion, 126 Misc. 275, 213 N.Y.S. 206; In re O'Rourke, Inc., 152 Misc. 575, 273 N.Y.S. 1020; Continental Casualty Co. v. Ben-Mil Inc., 175 Misc. 220, 22 N.Y.S.2d 509.

We think that the express language of 36-a of the Lien Law, the refusal of the Court of Appeals in New York Trap Rock

Corp. v. Nat. Bank of Far Rockaway, supra, to sanction the interpretation of that language adopted by the Appellate Division, and the recent decision of the First Department in Raymond Concrete Pile Co. v. Federation Bank & T. Co., supra, all indicate that the claim of the Wickes Boiler Company Inc. should be allowed and the order of the court below affirmed.

It is unnecessary to discuss the effect of § 67, sub. c, of the Bankruptcy Act, 11 U. S.C.A. § 107, sub. c, upon the distribution of funds in the hands of the trustee inasmuch as it does not appear that the general estate of Godfrey-Keeler Co. Inc. had insufficient assets to pay the costs, expenses and wages mentioned in § 64, sub. a (1) and (2), of the Bankruptcy Act, 11 U.S.C. A. § 104, sub. a (1) and (2). Cf. Note, 50 Yale L.J. 1268. The referee reported that there would be $5,000 in the estate after all claims in connection with the Brooklyn Yarn Dye Company job were paid.

The petition for a rehearing is accordingly granted and the order appealed from is affirmed without prejudice however to the right of the trustee, if he be so advised, to claim in the bankruptcy court that the $8,806.50 due from Brooklyn Yarn Dye Company is subject to any priorities given under § 64, sub. a (1) and (2), if other assets should not be available.