NEW YORK TRAP ROCK CORPORATION and Others, Plaintiffs, *v.* THE NATIONAL BANK OF FAR ROCKAWAY, Defendant.

Supreme Court, Special Term, New York County, December 23, 1941.

*Daniel Combs,* for the plaintiffs.

*Carl E. Peterson,* for the defendant.

BENVENGA, J. This is a representative action to have moneys received by defendant, on account of the indebtedness of the contractors to it, declared a trust fund for the benefit of plaintiffs and others similarly situated.

It appears that, shortly after the contractors entered into an agreement for the construction of a public improvement, they executed and delivered to the bank an assignment of all moneys due under the agreement. Thereafter the bank made advances to the contractors against this assignment. Plaintiffs, who furnished materials and labor in connection with the improvement, failed to file notes of lien.

The question presented is whether plaintiffs acquired rights under section 25-a of the Lien Law. Defendants contend that they did not, and that the assignment is a good common-law assignment, entitling the defendant to the moneys in question as against the plaintiffs. In support of its contention, defendant relies upon *Amiesite Constr. Corp.* v. *Luciano Constr. Co.* (284 N. Y. 223). Relying thereon, the Appellate Division of the Second Department has upheld such contentions. (*New York Trap Rock Corp.* v. *National Bank*, 260 App. Div. 1035; 285 N. Y. 825.) However, the Appellate Division of the First Department has held to the contrary (*Raymond Concrete Pile Co.* v. *Federation Bank & Trust Co.*, 261 App. Div. 25) and the Circuit Court of Appeals has followed that ruling. (*Wickes Boiler Co.* v. *Godfrey-Keeler Co.*, 121 F. [2d] 415.) Under the circumstances, I feel it my duty to follow the rule of the First Department, that a laborer or material-man need not file a notice of lien to be entitled to the protection of the statute.

However, this decision does not apply to the claim of the Binghamton Metal Forms, Inc. That claim is for metal road forms *sold* to, and used by, the contractors in laying a concrete roadway, but removed from the job for use in connection with other work. In the circumstances, it is not a "materialman" within the definition of section 2 of the Lien Law. It has not furnished "material or the *use* of machinery, tools, or equipment" (italics supplied) in connection with an improvement. (See *Troy Public Works Co.* v. *City of Yonkers*, 207 N. Y. 81, 84, 85; *Hurd Bros.* v. *Day Constr. Co.*, 146 Misc. 103, 110.)

Settle findings of fact and conclusions of law in accordance herewith.