In the Matter of JOHNSON, DRAKE & PIPER, INC., Petitioner. B. F. GOODRICH COMPANY, Respondent.

Supreme Court, Special Term, New York County, December 16, 1949.

*Robert B. Jarvis* and *Stanley J. Norton* for petitioner.

*Goldman & Frier* for respondent.

*McGowan & Stolz* for B. F. Goodrich Company (Syracuse, New York branch).

BENVENGA, J. This is an application for the summary discharge of a lien for public improvement (see Lien Law, § 21, subd. 7). The question presented is whether a person who furnishes tires which are attached to motor vehicles owned and used by a subcontractor in hauling material to and from a public improvement is a " materialman " within subdivision 12 of section 2 of the Lien Law, as amended by chapter 525 of the Laws of 1947.

It is well settled that, prior to the amendment, the furnishing of tires under such circumstances was not within the purview of the Lien Law (see *Maryland Cas. Co.* v. *Board of Water Comrs.,* 66 F. 2d 730, certiorari denied 290 U. S. 702; *Schultz* v. *Quereau Co.,* 210 N. Y. 257, 260, and *New York Trap Rock Corp.* v. *National Bank of Far Rockaway,* 177 Misc. 954). The amendment has merely broadened the definition so as to include

within its purview the furnishing of " fuel or lubricants " for the operation of machinery or motor vehicles in the prosecution of the work. Prior thereto, no lien could be had for furnishing fuels or lubricants under such circumstances (*Schultz* v. *Quereau Co., supra*). Clearly, tires do not come within the amendment. Nor can they be held to be within the amendment without giving it a forced and unnatural construction. Motion granted. Settle order.