RICHARD A. NORRIS, as Trustee in Bankruptcy of NEWJER CONTRACTING COMPANY, INC., Appellant, *v.* DEPEW PAVING COMPANY, INC., et al., Respondents, and CONTINENTAL CASUALTY COMPANY, Appellant, et al., Defendant.

Fourth Department, June 30, 1961.

*Hyman Karnofsky* for Richard A. Norris, appellant.

*Andrew Eckel* and *Donald B. Knight* for Continental Casualty Co., appellant.

*Mark N. Turner* of counsel (*Basil R. Piazza* and *Thomas E. Hagmeir* with him on the brief), for respondents.

*Per Curiam.* Defendant-appellant Continental Casualty Co., hereinafter called " Surety ", wrote performance and payment bonds protecting Depew Paving Company, Inc., hereinafter called " General Contractor ", against default on the part of the Newjer Contracting Company, Inc., hereinafter called " Subcontractor ". The obligation under the bonds covered the work to be done by the Subcontractor under two road-building contracts on the New York State Thruway known as the " Eden-Evans " and the " Camp Road " jobs. A performance bond and a payment bond, each in the sum of $150,000 was written on each of the two jobs. After completing a portion of the work the Subcontractor defaulted and subsequently was adjudicated a bankrupt. Thereafter the General Contractor completed the work required on both jobs. In this action to foreclose liens by the Subcontractor's trustee in bankruptcy the General Contractor counterclaimed for alleged damages suffered in completing the work remaining after the Subcontractor's default.

The principal controversy arises from adjudication by the Official Referee that the Surety was obligated to the General Contractor on the Eden-Evans job for approximately twice the principal sum of the completion bond on that job. This

determination rested on a finding that in various negotiations between the General Contractor, and the Surety after default of the Subcontractor, the Surety agreed to pay to the General Contractor the full completion costs irrespective of the limits of its obligation under the performance bond. With this determination we cannot agree.

The Referee found that the Surety was bound by an oral agreement made by its general counsel, who was clothed with the necessary authority, on May 7, 1957 to hire the General Contractor to complete the Eden-Evans job on a time and materials basis. He further found that a written agreement, dated August 19, 1957, obligated the Surety to pay the fair and reasonable value of work, labor, services and materials used by the General Contractor in the completion of the work. These findings, in our view, were against the weight of the evidence and cannot be sustained. The record clearly demonstrates a refusal on the part of the Surety to complete the Eden-Evans job. We find that the written contract of August 19, 1957 was a " LOAN RECEIPT AND AGREEMENT " dealing with the payment of mechanic's lienors and cannot be construed as a promise by the Surety to pay the completion costs over and above the outside limits of its bond of $150,000.

In computing the amount due the General Contractor on the Camp Road job we find it to be the sum of $26,186.33. The Referee properly considered the total credits and charges in this respect and although he made no formal finding of this amount he did reflect it in the total which he determined due the General Contractor. It is unnecessary to determine whether the General Contractor's claims on the Camp Road job for bond premiums and attorneys' fees to retire mechanic's liens should be paid out of payment or performance bonds inasmuch as the amount due on this job is substantially less than the limits of either of the bonds.

The Referee found various sums due a materialman, the defendant Depew Contracting Co., Inc., for tires, tubes and motor fuel furnished the Subcontractor on both jobs. The cost of tires and tubes is not recoverable under a payment bond since these do not fall within the category of materials, as defined by subdivision 12 of section 2 of the Lien Law. (*Matter of Johnson, Drake & Piper* [*Goodrich Co.*], 197 Misc. 595, 596; see, also, *Shultz* v. *Quereau Co.*, 210 N. Y. 257, and *Wilson* v. *Moon*, 240 App. Div. 440, affd. 265 N. Y. 640.) By the amendment to subdivision 12 of section 2 of the Lien Law (L. 1947, ch. 525) " fuel or lubricants " were included in the classification of materials. The only evidence in the record relating to fuel

or lubricants is an invoice for 1,000 gallons of Diesel fuel in the sum of $190. This is the only amount to which defendant Depew Contracting Co., Inc., is entitled.

Unlike its specific agreement to complete the Camp Road contract for $25,000, General Contractor entered into no contract to complete the Eden-Evans job for any particular amount and, accordingly, it is entitled to damages for the breach in the amount of the difference between the cost of completion and the contract price for the remaining work to be done to the extent of the bond limits. We have arrived at the following computations in allowing recovery on the Surety's performance bond in the amount of $150,000:

| | | |
|---|---|---:|
| Total contract price | | $772,177.87 |
| Less Amount paid Subcontractor | | 598,162.37 |
| | Balance unpaid to Subcontractor | $174,015.50 |
| Cost of completion by General Contractor | | $472,009.72 |
| Credits: Unpaid to Subcontractor | $174,015.50 | |
| Back charges for DW-15 pans | 14,281.53 | |
| Equipment rental | 136,246.62 | |
| Owed by General Contractor to Subcontractor from Broadway and Transit Road jobs | 4,089.39 | |
| | | 328,633.04 |
| | Balance | $143,376.68 |
| Allowed for equipment rental costs | | 6,623.32 |
| | | $150,000.00 |
| Eden-Evans job — General Contractor entitled to recover (out of payment bond — deducted above) | | $14,281.53 |
| Eden-Evans job — Depew Contracting Co., Inc. entitled to recover for fuel out of payment bond | | $190.00 |

It should be noted that we are not allowing the full amount for equipment rental because of partial deficiency in proof. The General Contractor in proving the cost of equipment in various instances did so by testimony showing the cost of rental of equipment whereas for the most part it used its own equipment. It was, of course, not entitled to a profit on the use of its own equipment. There is ample proof to support a substantial part of the equipment cost. We need only find $6,623.32 to bring the recovery to the bond limit of $150,000 and this we do.

Bond premiums and attorneys' fees incurred in discharging mechanic's liens are not payable under the payment bond. Since the bond limit of the performance bond on the Eden-Evans job has been exhausted, there is no recovery for these items.

In addition to the above, the General Contractor should recover a bill of costs, including the $2,000 extra allowance awarded by the Referee, and interest from January 1, 1958 (Civ. Prac. Act, §§ 1513, 480).

Present — WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Judgment unanimously modified on the law and facts in accordance with the opinion and as so modified is, together with the order, affirmed, without costs of these appeals to any party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.