Fuld, J.
This ease, like Aquilino v. United States (10 N Y 2d 271), also decided this day, involves an interpretation of the trust provisions of the Lien Law. Since we have expressed our views of these provisions at length in the Aquilino case, we do not repeat them; instead, we apply the conclusions, which have already been stated, to the problems presented here.
This is a contest between an assignee (Talcott, Inc.) of moneys due under a construction contract and a sub-subcontractor (American Blower Corporation). The sub-subcontractor seeks to impress a trust under article 3-A of the Lien Law on four checks paid to the subcontractor (Baker Smith & Co.) and indorsed over to the assignee on the assignment.
The Lien Law trust fund provisions, as they existed at the time the facts giving rise to this case occurred, afforded protection for both mature and unmatured claims (Aquilino v. United States, supra, at pp. 279-280). However, a statutory trustee under those provisions is empowered by statute to make assignments of payments due him (Lien Law, § 13, subd. [1-a]; § 15) and, therefore, such an assignment, if properly perfected and without regard to notice, is not such a diversion of the trust res as can give rise to an action to impress a trust by a beneficiary. Therefore, had the assignment been perfected here, the assignee Talcott would be entitled to the contested funds.
The fact is, however, that the assignee did not record his assignment as required by statute. (See Lien Law, § 15; see, also, Lien Law, § 13, subd. [1-a].) Section 15 of the Lien Law declares that no assignment of moneys due under a building *286 contract “ shall * * * be valid for any purpose, unless the contract * * * or a statement containing the substance thereof and such assignment # * be filed within ten days after the date of such assignment of contract ’ The assignee Talcott not having filed as required, his claim must be considered defective as against American Blower, one of the statutory beneficiaries of the trust fund provisions.
This result comports with both the spirit and the letter of the statutes we are considering. It is true, of course, that the assignee Talcott contributed his money to the improvement, just as the sub-subcontractor American Blower contributed heating and ventilating work to it. This, together with the fact that the form of interim financing which Talcott provided is evidently a basic requirement of the contracting business, is a strong argument in Talcott’s favor. These considerations are outweighed, however, by the fact that Talcott had available a means of protecting its interest and that it failed to take advantage of it.
Amiesite Constr. Corp. v. Luciano Contr. Co. (284 N. Y. 223) and Foreman v. Jacques Constr. Co. (261 N. Y. 429) are relied upon to establish that a materialman who is not a lien creditor cannot successfully assail an unfiled assignment. Without entering into a discussion of these very complicated cases, we would merely point out that, in a ease later than either of those cited, we left that precise question open. (See New York Trap Rock Corp. v. National Bank of Far Rockaway, 285 N. Y. 825; see, also, 1942 Report of N. Y. Law Rev. Comm., p. 284; N. Y. Legis. Doc. [1942], No. 65 [H], p. 14.) Furthermore, after all of these eases were decided, the trust fund provisions were specifically amended to overcome the doubts raised by the Amiesite (284 N. Y. 223, supra) and Trap Rock (285 N. Y. 825, supra) cases as to the necessity of filing by a statutory beneficiary such as a subcontractor. (See 1942 Report of N. Y. Law Rev. Comm., p. 284; N. Y. Legis. Doc. [1942], No. 65 [H], p. 14.) To accomplish this purpose, the statute was amended to read in this way: “Such trust may be enforced by civil action * * * by any person entitled to share in the fund, whether or not he shall have filed, or had the right to file, a notice of lien”. (Emphasis supplied.)
In view of this plainly worded provision, it is clear, on the one hand, that American Blower, a statutory beneficiary, may *287 impress a trust on the contested funds even though it did not file a lien. It is also plain, on the other hand, that, under section 15 of the Lien Law, an assignment of moneys due under a construction contract is not valid “for any purpose” unless recorded. Since this is so and since Talcott failed to record its assignment, American Blower must prevail.
The judgment of the Appellate Division should be affirmed, Avith costs.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.