Archibald C. Wemple, J.
The facts of the case are briefly as follows. On July 28, 1960 the judgment debtor entered into a contract with the Municipal Housing Authority of the City of Schenectady for the demolition of certain buildings for which he was to be compensated in the amount of $9,200. Later in the year the judgment debtor executed three assignments: to Joseph Bezio dated September 8,1960, Dominick Andreoli, September 2, 1960 and D’Agostino Block Co., September 8, 1960. Thereafter on December 2, 1960 the judgment creditor entered a judgment against the judgment debtor in the amount of $3,170.13. This judgment was docketed in the Schenectady County Clerk’s office on December 5, 1960.
It is to be noted at the outset that the facts of the case are somewhat unique in that none of the parties involved herein contributed any materials or labor for which the fund in question was created. Judgment creditor argues that in spite of this, the language of section 16 of the Lien Law is so comprehensive as to apply to all assignments of such funds and since the assignees have failed to comply with the particular filing provisions of section 16 and the trust provisions of section 25 of the Lien Law, that the assignments are invalid. The assignees, on the other hand, claim that the judgment creditor may not seek the protection of the Lien Law since it was created for the benefit of materialmen and laborers contributing to the creation of the fund and the issue here is simply a common-law question of priority as between a prior assignee and a subsequent judgment creditor.
The judgment creditor in his brief contends that this is a case of first impression and that the higher courts have not passed on the particular question involved herein. This may be so as to the exact facts of this case, but the Court of Appeals has spoken in cases involving similar facts. The complexities that *668 can develop in a priority question are unlimited and unbelievable. Most of the problems arise when the assignees fail to properly follow the filing requirements of the Lien Law, or fail to file altogether, probably because of lack of familiarity with the law or in the hope that a controversy will never arise.
Briefly, section 16 requires assignments of moneys due under public improvement contracts to be filed within 20 days after date of such, with certain designated officials, and failure to do same renders the assignment invalid until properly filed. Subdivision (5) of section 25 requires every assignment of moneys under a public improvement contract to contain a covenant by the assignor that he will hold any moneys advanced by the assignee in trust to be first applied to the payment of trust claims as defined in section 71 of the Lien Law. These are the two sections the judgment creditor claims the assignees failed to comply with properly, and is seeking to upset the assignments on this basis. [Cf. Civ. Prac. Act, § 794.]
Edison Elec. Illuminating Co. v. Frick Co. (221 N. Y. 1) involved a controversy between an assignee bank which provided funds to the assignor to carry on business, and a subsequent judgment creditor. The question centered on whether the assignments were valid as against the subsequent judgment creditor, since the assignments were not filed in the Clerk’s office as required by section 15 of the Lien Law. In pointing up the issue the court said at page 5, ‘ ‘ Indisputably, the assignments to appellant gave rights to the fund in question which were superior to any acquired by respondents unless such result was prevented by the statute which has been quoted.” The court went on the find that although the language of section 15 was broad, the intent of the Legislature must be looked to. They found that the Legislature intended to protect certain classes of creditors, namely laborers and material men who worked toward the improvement producing the fund, and not to every creditor, citing Holy Trinity Church v. United States (143 U. S. 457). The court [Edison Elec. Illuminating Co. v. Frick Co.] said at page 8, “it seems to us evident that the language rendering assignments invalid is to be limited by the purpose for which the provision was adopted and that it should be held to relate simply to the people contemplated by the statute and should not be held to apply for the benefit of those, like the present respondents, who were not in the mind of the legislature at all.” The court allowed the assignees priority of payment from the fund, and denied the judgment creditor the shelter of the Lien Law. The judgment creditor’s argument in this case seems to closely follow the dissenting opinion in *669 the Edison ease. So that now, the question seems to resolve itself as to whether the judgment creditor may invoke the Lien Law at all to upset the assignments, and the answer appears that they may not. (Williams Eng. & Contr. Co. v. City of New York, 222 N. Y. 1.) Aird Island is in no better position here than either of the respondents were in the Edison case.
The original judgment debtor divested himself of any interest in the fund when he made his various assignments. It was a bona fide common-law assignment and as such gave preference to the assignees over a subsequent judgment creditor. The judgment creditor here receives no benefits from the assignees ’ failure to file, if indeed they did fail to file. (Matter of Leto Constr. Corp. v. Herkimer Constr. Corp., 8 A D 2d 1; Albany Builders’ Supply Co. v. Eastern Bridge & Structural Co., 235 N. Y. 432.)
Both counsel are to be highly complimented for their thorough presentation of their respective positions and their comprehensive briefs.
This court holds that on the authority cited, the judgment creditor is not entitled to invoke the Lien Law to defeat the prior assignments. [Of. Civ. Prac. Act, § 794.] The Municipal Housing Authority is directed to release the moneys to the assignees.