■ ELJAM MASON SUPPLY INC., on Behalf of Itself and of All Other Persons Entitled to Share in Funds Received by Queens Examination Center Inc., Appellant, v I. F. ASSOCIATES CORP. et al., Respondents, et al., Defendant. I. F. ASSOCIATES CORP., et al., Third-Party Plaintiffs, v QUEENS EXAMINATION CENTER INC. et al., Third-Party Defendants. — Judgment, Supreme Court, Bronx County (Di Fede, J., Rosen, J., at trial and on mem decision), entered February 26, 1981, which dismissed the complaint and the third-party complaint on the merits, unanimously modified, on the law and the facts, without costs or disbursements, to reverse as against the defendant I. F. Associates Corp. and to remand for further proceedings against said defendant, and

except as thus modified, affirmed. Eljam Mason Supply Inc., a materialman, brought this action under the Lien Law for an accounting of sums paid by Shapiro Associates, a general contractor engaged to improve property owned by Ajax One Company, to I. F. Associates Corp. (I. F.), a factor which had lent money to Queens Examination Center Inc. (Queens), a subcontractor on the same job. The sums paid by Shapiro were owed to Queens under the subcontract but were paid to I. F. at Queens' request pursuant to assignment. Eljam claimed the funds were "trust assets" and should not have been disbursed until it and other protected classes were paid. A third-party action was instituted against Queens and its principals by I. F. and the individual defendants, the principals of I. F. and Shapiro. Subsequently, Eljam moved for both leave to amend the complaint to increase the *ad damnum* clause and for summary judgment. Special Term granted the motion for amendment but denied summary judgment because it found an issue as to whether "the corporate transferee, I.F. was cognizant that the funds it received from the general contractor were funds that were subject to the claims of trust fund beneficiaries." This court unanimously affirmed (76 AD2d 1043). A nonjury trial was then held and the court determined that no proof was adduced that I. F. or its officers had actual or constructive knowledge that the funds received from Shapiro for the account of Queens were trust funds. The court dismissed both the complaint and the third-party complaint. Under subdivision 1 of section 70 of the Lien Law, funds received by a subcontractor under a contract made with a contractor for an improvement of real property are trust assets. The trust commences when the asset comes into existence, even if there are no beneficiaries and continues until all claims are paid. (Lien Law, § 70, subd 3.) The trust assets of which a subcontractor is trustee shall be held for and applied to the payment of subcontractors, architects, engineers, surveyors, laborers and materialmen. (Lien Law, § 71, subd 2, par [a].) Courts have virtually unlimited right to enforce the right to "identify and recover trust assets in the hands of any person; to set aside as a diversion any unauthorized payment, assignment or other transfer, whether voluntary or involuntary; to enjoin a diversion; to recover damages for breach of trust or participation therein". (Lien Law, § 77, subd 3, par [a], cl [i].) As installment payments came due to Queens under its subcontract, Shapiro pursuant to the assignment filed with it by Queens, would pay the sums due Queens to I. F. in accordance with the terms of the assignment. The assignments and the covering letters from Queens to Shapiro identify the source of the payment by job site, F. H. A. project number and a construction requisition. Although the assignments do not bear I. F.'s signature they were produced from I. F.'s records in response to Eljam's interrogatories. Moreover, in at least one instance the letter of transmittal accompanying the assignment was written on I. F.'s letterhead. The assignments and transmittal letters bear the account number carried in the I. F. ledger for the Queens transactions. Taken together, all the evidence is sufficient to charge I. F. with knowledge that the payments from Shapiro represented moneys due Queens for work Queens performed on the construction site. Plaintiff has met its burden. When I. F. advanced sums to Queens it did not file, as it could have, a "Notice of Lending" under section 73 of the Lien Law. Such filing, if in compliance with the statute, would have afforded I. F., as the transferee of trust assets, a defense against trust claims. Since I. F. had "available a means of protecting its interest and * * * failed to take advantage of it" (*American Blower Corp. v James Talcott, Inc.*, 10 NY2d 282, 286) its rights should be subordinated to the unpaid creditors of Queens who are members of the statutorily protected class under the Lien Law. Thus, the complaint against I. F. should be reinstated. At the same time, however, we agree with the court's dismissal of the complaint against the individual

defendants since plaintiff has failed to establish any liability on their part with respect to the diverted funds. Finally, we do not pass upon the propriety of the dismissal of the third-party complaint since I. F. has not pursued its cross appeal. We find that a diversion has occurred in the sum of $47,504.08, and that a valid trust fund claim exists against I. F. in that sum. We remand for appropriate proceedings in which, pursuant to statute, notice should be given to other trust creditors with the right to establish their claims. Concur — Sullivan, J. P., Ross, Lupiano and Lynch, JJ.