*17 OPINION OF THE COURT
Bellacosa, J.
This interpleader matter involves competing money claims in a complex construction litigation. The cross appeals were advanced to this Court pursuant to leave granted by the Appellate Division. The controversy revolves around various claims to the interpleaded funds. The case stems from the award of a contract for a public improvement. We answer the question certified to us in the negative, by dismissing the appeal of Colonia Insurance Company as moot, and by reversing the Appellate Division’s order insofar as it granted summary judgment to Colonia as to part of the interpleaded funds.
On May 18, 1992, New York City awarded a contract to Cross Bay Contracting Corporation for work on a landfill in Staten Island, New York. This contract contained a provision that permitted the City Comptroller to “deduct from the amounts certified under this Contract to be due to the Contractor, the sum or sums due and owing from the Contractor to the subcontractors.” Shortly thereafter, Colonia provided the City with a payment bond and a performance bond on behalf of Cross Bay. A year and a half later the City terminated the contract “for convenience” pursuant to the pertinent clause of the contract. Cross Bay defaulted on payments due to various suppliers of labor and materials. As the surety on the payment bond, Colonia paid $127,631.29 to these suppliers from March 21, 1994 to December 1, 1994. It has also received additional claims of approximately $188,000.
On November 29, 1994, Cross Bay and Colonia commenced a special proceeding against the City, to compel the payment of funds withheld by the City. The parties then reached a Stipulation of Settlement. The City agreed to pay to Colonia $171,917.38 in funds that had been approved for payment to Cross Bay, “upon the satisfaction, discharge, release or cancellation of all those valid liens, levies, restraints and encumbrances filed with the Liens and Disbursements Clerk in the office of the New York City Department of Finance which have a superior or greater legal or equitable right than Colonia to said earned funds”.
On June 26, 1995, the City started this interpleader action by paying the $171,917.38 into court. It named as parties defendants, pertinent to this appeal, Cross Bay, Colonia, and the United States of America by and through the United States Internal Revenue Service.
*18 Colonia moved for summary judgment seeking to garner the interpleaded funds for itself, and for dismissal of other claims to the funds. The IRS, among others, opposed Colonia’s motion, claiming that Colonia was not entitled to priority over the funds and asserting that Cross Bay failed to remit to the IRS Federal tax withholdings on behalf of employees who worked on the project. The City also opposed Colonia’s motion and cross-moved for leave to amend its interpleader complaint to reduce the amount interpleaded by $100,000. The reduction was claimed on the basis of funds allegedly due to workers, underpaid pursuant to Labor Law § 220-b.
Supreme Court granted the City’s motion to amend its complaint, and otherwise denied Colonia’s motion for summary judgment. The Appellate Division modified Supreme Court’s judgment by granting Colonia’s motion for summary judgment to the extent of $71,917.38, the reduced sum of interpleaded funds. The Appellate Division then granted leave to appeal to Colonia, which had opposed the City’s retraction of the $100,000; the court also allowed a cross appeal by the IRS, which had objected to Colonia garnering even the $71,917.38. The IRS argument is that the interpleaded funds constitute a Lien Law Article 3-A trust, to which Colonia cannot have legal priority.
As the case with its cross appeals made its way to this Court, the City determined that the claims for which it sought to withhold the $100,000 were paid by sums withheld from Cross Bay on another, unrelated contract. Thus, the City moved to withdraw the motion to amend and to restore the $100,000 to the interpleader pot.
On December 15, 1998, just prior to oral arguments in our Court, Supreme Court granted the City’s motion to withdraw the motion to amend. Colonia’s appeal in that respect is thus plainly and concededly moot. We dismiss that appeal because the mootness exception criteria do not provide a sufficient basis for us to prognosticate with regard to any material legal principle in that regard.
Thus, we need only address the cross appeal of the IRS concerning the grant of summary judgment to Colonia for the then-extant $71,917.38 sum. The resolution of this live controversy will necessarily also determine Colonia’s summary judgment claim to the entire interpleader sum.
The appeal by the IRS hinges on whether any of the funds at issue constitute an Article 3-A trust fund. The IRS claims that *19 the contract fund in this action qualifies as an Article 3-A trust fund to which the IRS should be granted statutory (Lien Law § 77 [8]) priority over Colonia, the surety on the payment bond.
Colonia counters that an Article 3-A trust fund never arose in this matter because Cross Bay, as contractor, never received or had the right to receive the contested funds. Colonia states that by paying the outstanding claims of laborers and materialmen, it became equitably subrogated to the rights of the City. Because the City was entitled to withhold funds pursuant to the contract, Colonia urges that it became entitled to similarly withhold funds in order to reimburse itself for its expenditures as a surety. As a result, Colonia asserts that Cross Bay never became entitled to receive the funds at issue, so a trust never attached to the funds. We disagree. By institution of this interpleader action, the City, in effect, seeks to pay out contract funds, and an Article 3-A trust protects those funds.
The classification of the interpleaded funds as a trust arises by operation of law pursuant to statute (see, Lien Law § 70 [4]; see also, Postner and Rubin, New York Construction Law Manual § 9.68, at 352). This statutory framework governs the resolution of this issue, and guides the outcome of the entire case. This Court has previously declared that a “trust” under Article 3-A can include assets of every conceivable type and form arising from the work (see, Onondaga Commercial Dry Wall Corp. v 150 Clinton St., 25 NY2d 106, 111). Even rights of action for payment “due or earned or to become due or earned” can constitute a trust (Lien Law § 70 [1], [6]; see, Onondaga Commercial Dry Wall Corp. v 150 Clinton St., supra, at 111). “Certainly money paid by the owner to anyone in satisfaction of the contract would be impressed with this broadly inclusive trust” (Onondaga Commercial Dry Wall Corp. v 150 Clinton St., supra, at 111 [emphasis added]).
This statutory trust springs to life at the time when any qualifying asset “comes into existence,” regardless of whether beneficiaries exist at that same time (Lien Law § 70 [3]). This kind of trust will continue until every trust claim arising at any time prior to the completion of the contract has been paid or discharged, or until all such assets have been applied for the purposes of the trust (see, id.; see also, Canron Corp. v City of New York, 89 NY2d 147, 157-158). A trust claim is “deemed to be in existence from the time of the making of the contract or the occurrence of the transaction out of which the claim [arose]” (Lien Law § 71 [5]). The class of trust beneficiaries is the same *20 as the class of persons who are given the right to file mechanics’ liens, as well as the United States and State of New York for pertinent employment related claims (see, Postner and Rubin, op. cit., § 9.71, at 356).
Here, we are satisfied that the contractor’s claim to the monies at issue constitutes an Article 3-A trust res. Colonia’s artful argument cannot defeat the trust nature of the funds and, ultimately, other parties’ (or even, at this point, other non-parties’) potential priority to them. Initially, Colonia has acknowledged that unpaid claims related to the project still exist in the amount of approximately $188,000. Regardless of the fact that Colonia previously paid $127,631.29 worth of claims related to the project, all of the subcontractors and statutory beneficiaries have not yet been paid, and mechanics’ liens, as well as trust fund claims, apparently still remain outstanding. Because Colonia has not paid all outstanding claims, any subrogation rights that may otherwise arise have not matured here. In this circumstance, Colonia “ ‘does not have a sufficient beneficial interest in the moneys, due or to become due from the owner under the contract, to give [Colonia] a property right in them, except insofar as there is a balance remaining after all subcontractors and other statutory beneficiaries have been paid’” (Canron Corp. v City of New York, 89 NY2d 147, 157-158, supra, quoting Aquilino v United States, 10 NY2d 271, 282 [emphasis omitted]). Thus, contrary to Colonia’s assertions, it is not entitled to apply the $171,917.38 to its earlier payment of some claims.
Indeed, the Stipulation of Settlement on which Colonia relies to establish its entitlement to the funds appears to presume that the funds at issue will be first applied to the valid claims of other entities, just as they would be if the contractor was to receive the funds in hand. In this respect, it appears that Colonia stands in the shoes of Cross Bay, the contractor, rather than the City, the owner, and Colonia does not have a superior right to any of the funds.
To support its claim to the monies withheld by the City, Colonia tries to trump the statutory regimen by reliance on a trilogy of cases that, significantly, did not involve Article 3-A trust issues (see, United States Fid. & Guar. Co. v Triborough Bridge Auth., 297 NY 31; Aetna Cas. & Sur. Co. v United States, 4 NY2d 639; Scarsdale Natl. Bank & Trust Co. v United States Fid. & Guar. Co., 264 NY 159). These cases do address the equitable subrogation rights of sureties. However, they are not only factually distinguishable, but also are not controlling. *21 Here, the critical question is whether an Article 3-A trust has come into existence. The factual circumstances and statutory scheme prompt an affirmative answer to that threshold feature, so the comparison that Colonia tries to draw to non-trust beneficiaries’ priorities does not persuade us to resolve the question certified to this Court in Colonia’s favor.
Colonia’s premise, that the funds never became due to or earned by Cross Bay, is contradicted by Colonia’s own motion papers, which refer to the funds as “earned contract funds”— earned by and for Cross Bay. The record does not indicate that Colonia ever contested Cross Bay’s right to bring a special proceeding against the City to compel the payment to Cross Bay of the earned but unpaid funds. The fact that the special proceeding resulted in the possibility of payment to Colonia, rather than to Cross Bay, pursuant to the Stipulation of Settlement does not automatically divest the funds of their earned or due quality in favor of Cross Bay, in the sense of creating a right of action for Cross Bay and, thus, of establishing an Article 3-A trust fund (see, Lien Law § 70 [1] [a]; Onondaga Commercial Dry Wall Corp. v 150 Clinton St., supra, at 111).
Additionally, it appears that Colonia’s analysis regarding Cross Bay’s lack of entitlement to the funds, if applied, would have implications beyond those related to Article 3-A trust claims. If we were to find that these funds were never due to Cross Bay, then it would also follow that these funds could not form the basis of a mechanic’s lien with respect to this public improvement. The law permits a lien on a public improvement only “to the extent of the amount due or to become due” on the contract from the public corporation to the contractor (Lien Law § 5; see, Postner and Rubin, New York Construction Law Manual § 9.07, at 305-306). Thus, to treat the “earned contract funds” at issue here as never due or to become due to Cross Bay would disrupt several statutory schemes and would not comport with the intent of the Legislature in enacting these mechanisms for the protection of those providing labor and materials for a public improvement (see generally, Canron Corp. v City of New York, supra).
Similarly, the fact that the City Comptroller may be entitled to withhold money from amounts due to the contractor does not mean that those funds were never owed to the contractor. Rather, the funds must be certified as due to the contractor before the City is permitted to withhold them. This contractual mechanism for protecting the rights of subcontractors parallels the statutory protections provided under Article 3-A. To read *22 the contractual provision as precluding the trust nature of the funds might compromise the protective purpose of the contractual provision. Having a contractual provision that protects the interests of the subcontractors does not preclude the application of the statute, absent legislative indication that the trust provisions can so be avoided.
The remaining feature of this case is whether Colonia, as the surety on the payment bond, would be entitled to priority status with respect to the Article 3-A trust fund. Where, as here, it appears that the surety has not even completed payment of all valid payment claims, the surety should not be accorded an automatic priority over the claims of Article 3-A trust beneficiaries. Section 77 of the Lien Law does not contain a presumptive preference even for a fully paying or completing surety. Thus, Colonia’s rights to the trust fund, even as a surety with potential subrogation rights, do not garner a priority over various trust claims, including the IRS claim for taxes “required to be withheld” in connection with the Cross Bay contract (Lien Law § 77 [8] [a]; see, Bowmar, Lien Priorities in New York § 3.20, at 246-248).
Therefore, Colonia is not entitled to summary judgment with respect to any of the interpleaded funds. The priorities of the remaining claimants to the interpleaded funds, including already joined trust beneficiaries, potential trust beneficiaries and any mechanics lienors, must be sorted out and resolved on the remittal of this nonfinalized case.
Accordingly, the appeal by Colonia Insurance Company should be dismissed, without costs, upon the ground that the appeal has become moot. On the cross appeal by the United States of America, the order, insofar as appealed from, should be reversed, with costs, defendant Colonia Insurance Company’s motion for summary judgment denied and the certified question answered in the negative.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Appeal by Colonia Insurance Company dismissed, without costs, upon the ground that the appeal has become moot. On the cross appeal by the United States of America, order, insofar as appealed from, reversed, with costs, defendant Colonia Insurance Company’s motion for summary judgment denied and certified question answered in the negative.