■ NEW YORK NATIONAL BANK, Appellant, v PRIMALTO DEVELOPMENT & CONSTRUCTION CO., INC., et al., Defendants, and

Amwest Surety Insurance, Respondent. [703 NYS2d 480] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered December 14, 1998, which, insofar as appealed from, denied plaintiff lender's motion to amend its complaint so as to include a cause of action against defendant surety for tortious interference with contract, unanimously affirmed, without costs.

Plaintiff loaned funds to a general contractor and now alleges that the general contractor, denominated on the subject bond as principal, assigned to plaintiff its right to payment from the project's owner. The owner's payment obligations for labor, materials and equipment were secured by the bond. It is alleged that defendant surety told the owner that it had received many claims against the general contractor and warned the owner that unless it placed a freeze on all contract funds it would incur additional liability as obligee on the bond, and that such warning was a tortious interference with the owner's obligations to the general contractor previously assigned to plaintiff. These allegations lack merit since the purported assignment is unenforceable as an improper diversion of Lien Law article 3-A trust funds (*see, Eljam Mason Supply v I. F. Assocs. Corp.*, 84 AD2d 720). Plaintiff's rights as assignee of contract funds owing from the owner to the general contractor can be no greater than those of its assignor, the general contractor, whose right to contract funds, if any, was subject to outstanding trust obligations at the time the surety warned the owner to make no further payments of contract funds (*cf., City of New York v Cross Bay Contr. Corp.*, 93 NY2d 14, 22). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.