■ AMG INDUSTRIES, INC., Respondent, and GLENS FALLS NATIONAL BANK & TRUST COMPANY, Proposed Intervenor-

Appellant, v A.J. ECKERT COMPANY, INC., et al., Respondents, et al., Defendants. [719 NYS2d 192] —Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered September 29, 1999 in Clinton County, which denied Glens Falls National Bank & Trust Company's motion for substitution or intervention as a party plaintiff.

Between June 1991 and January 1995, Glens Falls National Bank & Trust Company (hereinafter GFNB) extended a series of loans and lines of credit to plaintiff, a construction company, totaling over $2 million. These amounts were secured with a duly executed and perfected security interest in plaintiff's current and after-acquired equipment, inventory, accounts receivable, contract rights and general intangibles.

In May 1995, plaintiff filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code (*see*, 11 USC § 1101 *et seq.*). Shortly thereafter, defendant A.J. Eckert Company, Inc. (hereinafter Eckert), a general contractor, sued plaintiff in Albany County, alleging a breach of contract regarding its provision of subcontracting services for a project that was performed at property owned by defendant Ayerst Laboratories, Inc. (hereinafter the Albany County action). Plaintiff thereafter initiated this action in Clinton County against Eckert, Ayerst and various suppliers and subcontractors to foreclose upon a $1,362,926 mechanic's lien that it filed in connection with the Ayerst project. While plaintiff alleged that its mechanic's lien was superior to all others, the suppliers and subcontractors asserted that plaintiff's lien was held in trust for them under Lien Law article 3-A.

After a 14-day trial in the Albany County action, Supreme Court reserved decision. As a result, the parties agreed to hold the instant action in abeyance until a decision was rendered. However, in May 1997, during the pendency of these actions, plaintiff defaulted on its loan obligation to GFNB, prompting its commencement of an action on September 11, 1997 in Warren County. There it sought, *inter alia*, the enforcement of its security interest by seizure of plaintiff's collateral (hereinafter the Warren County action).

By order entered September 19, 1997 in the Warren County action, Supreme Court determined that GFNB was entitled to possession of the collateral secured by its agreement with plaintiff. In the Albany County action, a decision was ultimately issued on March 2, 1998, reflected in a judgment entered on March 15, 1999, in favor of plaintiff in the amount of $1,022,627.61. Upon Eckert's appeal of such judgment, GFNB unsuccessfully moved in this Court for a stay pending appeal

and later for an order allowing it to be substituted for plaintiff. After Eckert withdrew its appeal, we denied GFNB's motion for substitution.

Prior to this Court's decisions and orders on GFNB's motions in the Albany County action, GFNB moved, by order to show cause on September 7, 1999, for, *inter alia*, substitution as plaintiff in the instant mechanic's lien foreclosure action or, in the alternative, for permission to intervene pursuant to CPLR 1012 (a) (2) or 1013 as the beneficial party in interest. Before the parties were heard on the motion, all parties, other than GFNB, reached a joint settlement in satisfaction of both this and the Albany County actions. Under the settlement, formalized on September 27, 1999, plaintiff was to pay $345,002.64 in specified priority order, with remaining amounts to defendants on a pro rata basis which would effect, after settlement, a discharge of all mechanic's liens; no amounts were designated for GFNB. After accepting the preliminary settlement and hearing oral argument on GFNB's order to show cause, Supreme Court denied GFNB's motion, prompting this appeal.

Preliminarily, we note that the settlement of this action with its concomitant lien discharges does not render this appeal moot since a contrary determination by this Court could severely undermine the settlement entered, thereby affecting the rights of all parties to this and other actions (*see*, *Winner v Cuomo*, 176 AD2d 60, 63).

GFNB's contention that the order of seizure issued in the Warren County action gave it a direct and immediate right to the possession of plaintiff's property is unsupported. Lien Law article 3-A, controlling in a mechanic's lien foreclosure action, was enacted "to safeguard the rights of those working on construction projects by providing for the payment of obligations incurred in performing the contract" (*Titan Indem. Co. v Triborough Bridge & Tunnel Auth.*, 135 F3d 831, 836; *see*, *Matter of Niagara Venture v Sicoli & Massaro*, 77 NY2d 175, 181; *see also*, Lien Law § 71 [2]). Lien Law § 70 (2) directs that when subcontractors possess funds received in connection with building contracts, they act as a trustee for the article 3-A trusts such that "[t]he class of trust beneficiaries is the same as the class of persons who are given the right to file mechanics' liens" (*City of New York v Cross Bay Contr. Corp.*, 93 NY2d 14, 19-20). With a subcontractor deemed to be a trustee of an article 3-A trust, it is required to act " 'as fiduciary manager of the fixed amounts provided for the operation' " (*Frontier Excavating v Sovereign Constr. Co.*, 30 AD2d 487, 489, *appeal dismissed* 24 NY2d 991, quoting 1959 Report of NY Law Rev Comm on Trust Fund Provisions of Lien Law, at 214).

Indisputably, plaintiff held its mechanic's lien as a trustee for the subcontractors and suppliers who had the right to file mechanic's liens. These subcontractors and suppliers became the beneficiaries of the trust created by Lien Law article 3-A. Hence, plaintiff had no exercisable ownership right to the trust fund assets over which GFNB asserts its beneficial interest unless "there [was] a balance remaining after all subcontractors and other statutory beneficiaries ha[d] been paid" (*Aquilino v United States*, 10 NY2d 271, 282; *see*, *City of New York v Cross Bay Contr. Corp.*, *supra*, at 20). As both the contract and lien foreclosure action sought recovery of trust assets, the article 3-A trust structure remained intact with plaintiff cloaked with a fiduciary responsibility to the trust beneficiaries until all of the beneficiaries' claims were fully satisfied. For these reasons, GFNB's subrogation rights were not mature and, therefore, it could not, as a matter of law, seize any trust fund assets from either the contract or lien foreclosure actions or seek to direct the way in which plaintiff should discharge its fiduciary duties as it sought to do by its request for substitution or intervention (*see*, *City of New York v Cross Bay Contr. Corp.*, *supra*, at 19-20).

Accordingly, we affirm the order of Supreme Court.

Cardona, P. J., Crew III and Rose, JJ., concur. Ordered that the order is affirmed, with costs.