■ PECKER IRON WORKS, INC., Individually and on Behalf of all Lien Law Article 3-A Trust Fund Beneficiaries, Appellant, v THE NEW YORK TRADES COUNCIL ASSOCIATION OF N.Y.C. HEALTH CENTER INC., Respondent, et al., Defendants. [802 NYS2d 399]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 22, 2005, which, in an action under Lien Law article 3-A, inter alia, granted the motion of defendant-respondent to dismiss the second cause of action in the amended complaint, unanimously affirmed, with costs.

The general contractor defaulted on its obligations to the

owner. An arbitration award, confirmed by court order, determined that the general contractor had breached the contract, and that the owner had properly terminated the contract. The arbitrator awarded the owner significant damages, including reimbursement for payments already made by the owner to the general contractor, and consequential damages arising from the owner's need to hire a replacement contractor. The arbitration and subsequent court order extinguished any rights the contractor might have asserted against the owner under their contract. The damages far exceeded the retainage funds, which under the contract were rightfully held by the owner pending completion of the work. The contractor never having completed the work, the funds remain in the owner's possession.

Plaintiff, a subcontractor of the general contractor, claims entitlement to the retainage funds on the theory that they were Lien Law article 3-A trust assets. The funds, however, were never due the contractor, and the contractor possessed no future right of action with respect to them. Accordingly, they were never assets of a contractor's trust (cf. *City of New York v Cross Bay Contr. Corp.*, 93 NY2d 14 [1999]). A subcontractor is a beneficiary of trust assets received by the contractor or to which the contractor is entitled (see *Quantum Corporate Funding Ltd. v L.P.G. Assoc.*, 246 AD2d 320, 322 [1998], *lv denied* 91 NY2d 814 [1998]). The connection between the contractor and the claimed assets necessary to plaintiff's recovery as a trust beneficiary does not exist here. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.