ECD NY Inc. v 616 First Ave. Dev. LLC (2020 NY Slip Op 06013)





ECD NY Inc. v 616 First Ave. Dev. LLC


2020 NY Slip Op 06013


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 650725/18 Appeal No. 12145-12146 Case No. 2020-00092 2020-00095 

[*1]ECD NY Inc., etc., Plaintiff-Respondent,
v
616 First Avenue Developer LLC, Defendant-Appellant, 616 First Avenue LLC et al., Defendants.
ECD NY Inc., etc., Plaintiff-Respondent,
v
616 First Avenue LLC, et al., Defendants, American General Life Insurance Company, et al., Defendants-Appellants.


Sheppard, Mullin, Richter & Hampton, LLP, New York (Ira M. Schulman of counsel), for appellants.
Cermele & Wood LLP, White Plains (Benjamin M. Rattner of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 17, 2019, which, insofar as appealed from as limited by the briefs, denied the motion of defendant 616 First Avenue Developer LLC (Developer) to dismiss the second cause of action (unjust enrichment) pursuant to CPLR 3211(a)(1) and (7) without prejudice to renewal as a summary judgment motion, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered December 17, 2019, which denied the motion of defendants American General Life Insurance Company, Variable Annuity Life Insurance Company, and The United States Life Insurance Company in the City of New York (collectively Lenders) to dismiss the third and fourth causes of action (Lien Law §§ 77 and 79-a) insofar asserted against them pursuant to CPLR 3211(a)(1) without prejudice to renewal as a summary judgment motion, unanimously modified, on the law, to grant the motion as to the fourth cause of action, and otherwise affirmed, without costs.
The unjust enrichment claim is dismissed because "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]). Here, there is a detailed, 100-page written contract between plaintiff and Developer and neither side disputes its validity. Plaintiff's unjust enrichment claim arises out of the same subject matter that is covered by the contract, which covers change orders, schedule changes, delays, out-of-sequence work, changes in site conditions, and overtime.
Plaintiff can bring the fourth cause of action against Lenders only if they are trustees (see Lien Law § 79-a). By contrast, it can bring the third cause of action if they are transferees (see Lien Law § 77[3][a][vi]) or have trust assets (see subd [i]).
The statutory language contemplates that only owners, contractors, or subcontractors will be trustees (see Lien Law § 70[5]-[7]; § 71[1]-[3]; § 79-a[1][a]-[b]). Thus, "[a] lender is not a statutory trustee" (Price Trucking Corp. v AAA Envtl., Inc., 111 AD3d 1315, 1317 [4th Dept 2013] [internal quotation marks omitted]). Unlike the lender in Aspro Mech. Contr. v Fleet Bank (293 AD2d 97 [2d Dept 2002], affd 1 NY3d 324 [2004]), which took "an assignment of a contract to improve and convey real property" (id. at 98) and received "direct payment of the sales proceeds pursuant to the assignment" (id.), Lenders took an assignment of "all Gross Revenue . . . due or payable to [defendant 616 First Avenue LLC (Owner)] for the occupancy or use of the Property, and all Leases . . . now or hereafter affecting the Property." The sales proceeds in Aspro were trust assets (see Lien Law § 70[5][g]). By contrast, neither lease payments nor gross revenue is listed in Lien Law § 70(5)(a)-(g). Furthermore, there is no evidence in the record that Lenders received any payment from Owner. Rather, the record contains a Building Loan Agreement between Owner and Lenders, showing that Lenders lent money to Owner.
As noted earlier, Lien Law § 77 applies to transferees or any person who has trust assets, not just trustees. Lenders contend that a notice of lending filed in connection with the Building Loan Agreement entitles them to CPLR 3211(a)(1) dismissal. This argument is unavailing.
A CPLR 3211(a)(1) motion "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). A notice of lending "is effective . . . with respect to advances made on the day of filing or subsequently, or made not more than five days before the date of filing" (Lien Law § 73[3][b]). The notice of lending in the instant action was filed on January 27, 2017, so it is effective only with respect to advances made from January 22, 2017 onward. The Building Loan Agreement was made as of December 22, 2016. Of course, it is possible that Lenders made advances on or after January 22, 2017. However, the documentary evidence they submitted does not establish this.
In view of the foregoing, we need not reach the parties' arguments about plaintiff's demand for a verified statement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020